By the Court—Sedgwick, Ch. J.
The facts in the testimony that furnish support for the verdict are as follows : On April 8, 1881, the defendants hired the plaintiff for the term of one year, and the term was to begin immediately. The plaintiff was not immediately to do anything in the shape of services, but on April 20, he was to meet one of the defendants at their place of business in Peoria, Illinois. Jn the meantime, the plaintiff was to go about informing persons that he had left the employment of a certain firm and had gone into the service of the defendants. On April 20, he went to Peoria, saw a defendant, and was instructed in the part of defendants’ business it was best he should know. On April 30, at direction of defendants, he started on his travels to .get orders for defendants’ goods. It was on April 30 that he began to furnish services that specifically might benefit defendants. Although this might be the fact beyond controversy, nevertheless it was not inconsistent with the fact that from April 8, he had been under á contract to render service, he, since that time, at the direction of defendants, doing no service, or none excepting preparing the ground for subsequent services being advantageous pecuniarily to the defendants.
The jury had before them enough evidence to find that what has been stated happened.
The counsel for defendants contend that the testimony incontrovertibly showed that on April 8, there was a contract made between the parties by which the plaintiff was to render service for the term of one year, and that the term was to begin on the next 30th April, or 1st May, and that such a contract was void by the statute of frauds.
The first piece of testimony adduced to sustain these positions is, that in the original complaint, which was verified by the plaintiff, he averred that “ on or about the 30th day of April, 1881,” the defendants hired the plaintiff, *65 ‘ ‘ for and during the period of one year from the making of said agreement.” The complaint was on the trial amended, by making 30th day of April read 8th day of April. Perhaps such an amendment was not necessary, for ordinarily time is not material in a pleading, especially when it refers to the making of a contract not reduced to writing. And it must be said that the plaintiff did not in his oral testimony make one case before the amendment and another after it, but the amendment conformed the pleading to the facts, as the jury afterwards found them.
In addition to the plaintiff’s statement in the original complaint on September 10, ÍS81, the plaintiff wrote to the defendants a letter, in which was, “I would, therefore, beg to say, that until my year expires May 1, 1882, my services will be held entirely at your command.” Take the two together, by themselves, and the fact, that the contract was made on April 8, the conclusion would be that the term was to begin on April 30 or May 1, but it was not impossible to show by the testimony what the real fact was, and that the plaintiff had made a mistake in his assertions. On the trial he was cross-examined as to these things, and he declared that they were the result of mistake. The jury passed upon the effect of the declarations and the assertions of a mistake. 1
Without going into unnecessary particulars, the mistake involved substantially a matter of law, which may be stated as follows : If a contract of hiring is made for one year, to begin in prcesenti, no services to be done by the employee, until a future day, the contract is operative from the day of its making, and the year ends with the ending of one year from that day. It might be a natural mistake for a layman to think that as a year of actual affirmative service could not begin until some service was done; that the contract for services was not operative until the day when something was to be done by him.
Another fact that defendants’ counsel relied on was, that on April 16, the plaintiff made a receipt which signified that he then received from his former employer, wages in full *66 to the 18th, and such was the fact. The argument from this is, that from April 8, to April 16, he was in the employment of the former employer, and therefore it was certain he could not have been in the employment of the defendants or under contract to them, for that time. When the nature of the present contract, as described in plaintiff’s testimony, is • considered, there does not seem to be any inconsistency between the two contracts. They might have both been fully performed. If it were the fact, that the performance of defendants’ contract prevented the performance of the contract with the former employer, that would concern the latter alone.
On the whole case the order should be affirmed, with costs.
Truax and O’Gorman, JJ., concur.