JESSE W. BILLINGTON, RESPONDENT, *v.* MICHAEL CAHILL, APPELLANT.

*Statute of frauds — oral contract for employment for a year, to commence the next day, is void.*

Where under an oral contract for the employment of a person for the term of one year the employment is to commence on the following day, the contract is void, as being within the provision of the statute of frauds (3 R. S. [7th ed.], 2327, § 2), which declares that every agreement that, by its terms, is not to be performed within one year from the making thereof, shall be void unless such agreement, or some note or memorandum thereof, be in writing and subscribed by the party to be charged therewith.

APPEAL from a judgment of the Onondaga County Court, entered in the office of the clerk of that county on March 27, 1887, upon the verdict of a jury and from an order denying a motion for a new trial, made upon the minutes of the county judge the same day.

*Goodelle & Nottingham,* for the appellant.

*B. N. Bailey* and *M. M. Waters,* for the respondent.

MARTIN, J.:

The defendant dismissed the plaintiff from his service on the 26th day of November, 1885. The plaintiff claims that such discharge was wrongful in that it was a breach of the contract between them by which the defendant employed the plaintiff for the period of one year from April 1, 1885. It was to recover damages for such alleged breach of contract that this action was brought.

In his complaint the plaintiff alleges that on or about the month of March, 1885, the plaintiff and defendant entered into an agreement whereby the plaintiff agreed to work for the defendant at farm work for the term of one year, to commence on the 1st day of April, 1885, and expire on the 31st day of March, 1886, at the stipulated price of thirty dollars per month, payable monthly during that time; that the plaintiff was also to have the use of a certain house and garden situated on defendant's farm; to have a certain quantity of milk, a certain proportion of the chickens and eggs produced on the premises, a team to draw his coal or fuel, half of a pig and what fruit was necessary for his family use. The defenses interposed by

the defendant were : 1. A substantial denial of the allegations of the complaint. 2. That the plaintiff had been fully paid. 3. That the plaintiff was properly discharged for not complying with the conditions of his employment, and for not faithfully discharging the duties of his service.

On the trial the defendant moved for a nonsuit upon the ground that the contract upon which the plaintiff sought to recover was void under the statute of frauds, and that the plaintiff was properly discharged for disobeying defendant's order. This motion was denied and the defendant duly excepted. The correctness of this decision is challenged by the appellant, and presents the questions : 1. Whether the contract between the parties was within the statute of frauds and consequently void. 2. Whether the plaintiff was improperly discharged.

That the agreement between the parties was in writing, or that there was any note or memorandum thereof, is not claimed; that it was made in the month of March, and was for the employment of the plaintiff for the term of one year, to commence on the 1st day of April, 1885, was alleged in the complaint and proved by the plaintiff on the trial ; so, that upon the plaintiff's own showing, the agreement was for his employment by the defendant for the full term of one year, to commence at a future day. Hence, the question is presented, whether the contract was void as being within the provisions of the statute of frauds, which declares that every agreement that by its terms is not to be performed within one year from the making thereof shall be void, unless such agreement or some note or memorandum thereof be in writing and subscribed by the party to be charged therewith. (3 R. S. [7th ed.], 2327, § 2.)

The appellant contends that the agreement between the parties, as alleged and proved by the plaintiff, was within the statute and void, and that the court erred in denying the defendant's motion for a nonsuit. It seems to be admitted by the respondent that if the agreement was made prior to the 31st day of March, 1885, it was void under the statute of frauds ; but he claims that there was evidence sufficient to justify the jury in finding that the agreement was made on the thirty-first of March ; that it so found, and, therefore, the agreement could have been fully performed within one year from the making thereof, and was not within the statute.

An examination of the plaintiff's evidence in this case tends to show quite conclusively that the agreement was, in fact, made several days before the 31st of March, 1885. He testified that he had three conversations with the defendant; that at the first conversation, which he testified was about the tenth of March, the defendant stated to him the price which he would pay and the things he would furnish the plaintiff if employed by him; that upon the second occasion, which was several days before the first of April, he told the defendant that he had made up his mind to accept his offer, but there were a few things which he wanted to talk about, which were talked over and agreed upon; that subsequently, upon the thirty-first day of March, and after he had moved all his goods on to the defendant's premises, save the last load, he and the defendant had another conversation about the contract; that he told the defendant they had better have their contract understood and have writings so there would not be any trouble about it; that the defendant said he did not think they needed any writings; that both understood the bargain, and that they did not have any. But upon his cross-examintion the plaintiff testifies, in substance, that the terms of the agreement between them were restated by the parties on that day. While doubting the sufficiency of that evidence to show that the contract was made on that day (*Oddy* v. *James*, 48 N. Y., 685; *Wanamaker* v. *Rhomer*, 23 Weekly Dig., 60; *Snelling* v. *Lord Huntingfield*, 1 C., M. & R., 20), still, it is possible, if the contract was valid if made then, that there was sufficient evidence to justify the submission of that question to the jury, and to uphold its finding that the contract was made at that time. If, however, we assume that the contract between the parties was completed on March thirty-first, then the inquiry is presented whether a contract for the employment of another for the term of one year, to commence on the following day, is within the foregoing provision of the statute of frauds. The respondent contends that it is not, and cites, as authorities sustaining his contention, the cases of *Cawthorne* v. *Cordrey* (13 C. B. [N. S.], 406); *Dickson* v. *Frisbee* 52 Ala., 165) and *McAleer* v. *Corning* (50 Supr. Ct. [J. & S.], 63). A careful examination of the case of *Cawthorne* v. *Cordrey* discloses that the doctrine contended for was not held in that case. While the head note is to the effect that a contract for a year's

service made on the twenty-fourth of March, to commence on the twenty-fifth of the same month, is not void by the statute of frauds, still, when the case is examined it will be seen that all that was decided was that there was evidence in that case upon which the jury might find that the contract was made on Monday for service for a year from that day, and that it was to be performed within a year from that time. (*Britain* v. *Rossiter*, L. R., 11 Queen's Bench Div., 123, 124.)

In the case of *Dickson* v. *Frisbee* the doctrine contended for was held by the Supreme Court of Alabama, but the decision in that case was based upon the case of *Cawthorne* v. *Cordrey*, and upon an understanding that that case decided that a contract made on one day for a year's service to commence on the next, was not within the statute. As we have seen, it was not so held in that case, hence, the Dickson case was decided under a misapprehension of the decision in the Cawthorne case, which very materially diminishes the importance of that case as an authority upon the question. It was held in the McAleer case that if a contract of hiring is made for one year to begin *in præsenti*, although no services are to be performed by the employee until a future day, the contract is operative from the day of its making, and the year ends with the ending of one year from that day, and such a contract is not within the statute. This examination of the authorities cited by the respondent shows that none of the cases relied upon by him uphold the doctrine for which he contends, except the case of *Dickson* v. *Frisbee*, and that that case was decided upon a misapprehension of the decision in the Cawthorne case. On the other hand, the authorities cited by the appellant seem to hold the doctrine quite distinctly that such a contract is within the statute and void.

In *Bracegirdle* v. *Heald* (1 Barn. & Ald., 722), it was held that a contract for a year's service to commence at a subsequent day, being a contract not to be performed within the fourth section of the statute of frauds, must be in writing. In that case Lord ELLEN-BOROUGH said: "This case falls expressly within the authority of *Boydell* v. *Drummond* (11 East, 142), *and if we were to hold that a case which extended one minute beyond the time pointed out by the statute did not fall within its prohibition, I do not see where we should stop;* for in point of reason an excess of twenty years

will .equally not be within the act. Such difficulties rather turn upon the policy than upon the construction of the statute. If a party does not reduce his contract into writing he runs the risk of its not being valid in law, for the legislature has declared in clear and intelligible terms that every agreement that is not to be performed within the space of one year from the making thereof shall be in writing."

In *Snelling* v. *Lord Huntingfield* (1 C., M. & R., 20), where A, on the twentieth of July, made proposals in writing (unsigned), to B to enter his service as bailiff for a year, and B took the proposals and went away and entered into A's service on the twenty-fourth of July, it was held that this was a contract on the twentieth, not to be performed within the space of one year from the making, and was within the fourth section of the statute of frauds.

*In Levison* v. *Stix* (10 Daly, 229) it was held that an oral agreement made on the thirty-first day of December for services to be rendered for a period of one year, which was to terminate on the thirty-first day of December of the following year, was void under the statute of frauds. In delivering the opinion in that case, the court says: "In fact, it is impossible to see, if the term of service is to commence at any time subsequent to the time of making the contract, and the contract is for a full year, how it is possible that it should be performed within a year. It is undoubtedly the intention of the statute to require that all contracts which are not to be performed within one year from the time of making shall be in writing; and, in order that they shall be completed within the year, it is absolutely necessary that the time of making and the year of performance must be within the same year; and if the time of making is to be excluded and the time of performance is to be a full year, the contract cannot be performed within the year within which it was made."

In *Sutcliffe* v. *Atlantic Mills* (13 R. I., 480), where an oral contract was made between A and B on August twentieth, by which A was to enter B's service for one year, A to begin the term of service as soon as he could, and A began to work for B August twenty-. seventh, it was held that the contract was within the statute of frauds, being an oral contract and not to be performed within a

year, and that an action by A against B for a breach of this contract could not be maintained.

In Wood on the Statute of Frauds, it is said " a contract for a year's service to commence at a future day, being a contract not to be performed within a year from the making thereof, is within the statute." (Sec. 272.) The same doctrine is laid down in Smith on the Law of Master and Servant, and Wood on Master and Servant. (*Oddy* v. *James*, 48 N. Y., 685 ; *Amburger* v. *Marvin*, 4 E. D. Smith, 393 ; *Blanck* v. *Littell*, 9 Daly, 268 ; *Nones* v. *Homer*, 2 Hilt., 116.)

To hold that a contract made on the 31st day of March for service for one year, to commence on the first day of April, was not within the statute of frauds, would be to evade and not to execute that statute. The mandate of the statute is positive that an agreement that, by its terms, is not to be performed within one year from the making thereof shall be void, unless it is evidenced by some writing signed by the party to be charged therewith. It is not apparent to us how it can be fairly held that a contract for a full year's service can be performed within one year from the making thereof, when it was made on a day previous to the commencement of the year. If this statute can be thus extended for one day, why may it not be extended indefinitely? The agreement in this case was within the letter and intent of the statute, even if made when claimed by the respondent. The weight of the authorities is to that effect.

We are of the opinion that the agreement, as alleged and proved by the plaintiff, was within the provision of the statute of frauds and void; that the trial court erred in denying the defendant's motion for a nonsuit made on that ground ; and that for such error the judgment should be reversed. This conclusion renders it unnecessary to examine the other questions in the case.

Judgment and order reversed on the exceptions, and a new trial granted, with costs to abide the event.

FOLLETT and KENNEDY, JJ., concurred.

Judgment and order reversed on the exceptions, and a new trial granted, with costs to abide the event.