WARD and GOVE *vs.* KELSEY.

A lease of premises for a term of ten years contained a provision that the lessor should do all necessary repairs within a reasonable time after notice from the lessees to do so. *Held* that the parties evidently contemplated that certain repairs would become necessary during the long term for which the property was rented, and, as a necessary consequence, that there would be some interruption to, or interference with, the business carried on there.

And that the lessees were entitled to recover from the lessor all moneys expended by them in making necessary repairs, upon the lessor's neglecting to make the same, after due notice. But that they could not recover damages for the interruption to their business occurring while the repairs were being made; such interruption being no greater than if the repairs had been made by the lessor.

APPEAL from a judgment rendered at the circuit, on the verdict of a jury. In September, 1858, the defendant, by a lease made between him and the plaintiffs, under their hands and seals, respectively, demised to the plaintiffs certain premises in Brooklyn, consisting of warehouses, together with the improvements thereon, and the pier extending into the East river, in front thereof, for the term of ten years, from the 1st day of February, 1859, at a certain rent therein specified. And the defendant, in and by said lease, agreed that he would do all necessary repairs upon said premises and pier within a reasonable time after notice to him by the plaintiffs, requiring him to do so. The complaint, after setting forth the above facts, alleged that the defendant did not nor would do all necessary repairs upon said premises and pier, but suffered and permitted the same to be and remain out of repair. That the plaintiffs duly gave notice to the defendant requiring him to do such repairs. That the defendant having failed within a reasonable time to do such repairs, the plaintiffs caused such repairs to be made, and expended in that behalf the sum of $115.72. Averment of a breach, by the defendant, and that by reason of such breach, the plaintiffs were deprived of the full enjoyment of

the demised premises, and that they have sustained damages in consequence thereof, to the amount of $500.

The answer was a general denial, and set up a counter-claim.

On the trial the plaintiffs proved that while they were in possession of the premises, under the lease, the hoist-wheel was out of order, and they notified the defendant to put it in order, or they would do it. He refused to do it, and when asked if there was any one to whom he preferred to have the plaintiffs go, said they might go to whom they pleased. The plaintiffs thereupon caused the hoist-wheel to be repaired, at their own expense. The plaintiffs offered to show what amount of damage they had sustained during the time the wheel was being repaired. The defendant objected to this evidence. The court overruled the objection, and the defendant excepted. The witness testified as follows: "I know we were deprived of the wheel four days. We had to deliver sugar through the back hatchways. I can not say certainly, but I should think $30 would not pay the extra expense thus incurred. I delivered several hundred hogsheads in this way; the cost of delivery would have been ten cents per hogshead, but this way cost seventy cents per hogshead."

The jury found a verdict in favor of the plaintiffs for $160.

*Britton & Ely,* for the appellant.

*J. W. Gilbert,* for the respondents.

*By the Court,* LOTT, J. It was provided by the lease, referred to in the complaint, that the defendant should do all necessary repairs upon the demised premises within a reasonable time after notice to him by the plaintiffs requiring him so to do; and the plaintiffs were entitled to recover from the defendant all moneys expended by them in making such repairs upon the neglect of the defendant to make the same after due notice. But I am of opinion that the learned

justice, before whom the case was tried, erred in allowing evidence to be given as to damages sustained by the plaintiffs while the hoist-wheel was being repaired.

The parties evidently contemplated that certain repairs would become necessary during the term (ten years) for which the property was rented, and, as a necessary consequence, that there would be some interruption to, or interference with, the business carried on. The obligation assumed by the defendant, to make the repairs, gave him the right to interfere with the plaintiffs' enjoyment of the property, so far as the making of such repairs rendered it necessary, and the plaintiffs can not complain of any injury resulting from the performance of that obligation. The case is not altered by the fact that the defendant failed to discharge his duty in that respect, and that the plaintiffs themselves, in consequence thereof, made the repairs needed. The interruption to their business was not increased by the defendant's default. It is not to be presumed that the plaintiffs occupied more time in doing the requisite work than the defendant would have done; and if they did, they would have no just claim for charging their want of diligence to the defendant. I see no reason, and am not aware of any principle, which will justify an allowance of such damages; and I refer to the cases of *Green* v. *Eales,* (2 *Adolph. & Ellis, N. S.* 225,) and *Thompson* v. *Shattuck,* (2 *Metc.* 615,) to show that they are not recoverable. The verdict was general, and there are no facts disclosed which will warrant us in the conclusion that those damages were not allowed.

The judgment must, on the ground of the admission of that evidence, be reversed, and a new trial is ordered; costs to abide the event.

[ORANGE GENERAL TERM, September 8, 1862. *Emott, Brown, Scrugham* and *Lott,* Justices.]