GEORGE W. BRADNER, Respondent, *v.* JOHN W. HOWARD, Appellant.

Where a defendant, in an action in a justice's court, procures a discontinuance thereof upon the ground that the accounts of the parties at issue exceed $400, and plaintiff thereupon brings an action in the Supreme Court and recovers less than fifty dollars, defendant is estopped from claiming that the justice had jurisdiction, and so that he is entitled to costs; the plaintiff has a right to repose upon the decision of the justice, and it is not open for defendant in answer to plaintiff's claim for costs to say that such decision was erroneous; having availed himself of it he cannot question it.

The docket of the justice in such case showed the service of summons, the appearance of the parties, the issue, a motion for discontinuance made by defendant on the ground that the accounts between the parties exceeded $400, the granting of the motion on that ground, and the items of costs; it also recited that it satisfactorily appeared from the proof offered that the accounts of the parties exceeded said sum; it did not, in terms, award judgment of discontinuance with costs against plaintiff. *Held*, that the docket contained all the particulars necessary to constitute a valid judgment of discontinuance for want of jurisdiction.

Technical precision in matters of form is not required in justice's court

(Argued November 26, 1878; decided December 10, 1878.)

APPEAL from order of the General Term of the Supreme Court, reversing an order of Special Term which denied plaintiff's motion for costs and directed costs to be taxed in favor of defendant, the order appealed from also directed costs to be taxed in favor of plaintiff. (Reported below, 14 Hun, 420.)

This action was upon an account; plaintiff recovered in the action $21.31. He claimed costs for the reason that he originally commenced his action in justice's court, which was discontinued on motion of defendant, on the ground that the amount involved was over $400.

The following is a copy of the material portions of the transcript of the justice's docket:

" Summons was served August 7th, 1877, returnable on the 9th inst., at 8 o'clock in the forenoon. On the return day

and hour parties appeared. See complaint and answer on file. Defendant moved to discontinue on the ground the accounts embraced over four hundred dollars, and that the justice had no jurisdiction. Motion allowed and suit discontinued, August 9, 1877. It appeared satisfactorily to me, from defendant's statement, that the answer embraced about $480, and it having appeared to me from the proof offered, that the sum total of the accounts of both parties exceeded $400, I dismissed plaintiff's complaint, with costs."

Constable fees, $ .40
Justice      "     1.00

In the complaint referred to plaintiff claimed judgment for $200. The answer set up a counter-claim of $480, claiming judgment for $230.

Further facts appear in the opinion.

*Cornelius E. Stephens*, for appellant. The doctrine of estoppel is not applicable to this case. (*Reynolds* v. *Garner*, 66 Barb., 310; 2 Abb. Dig., 796; *Lawrence* v. *Brown*, 6 N. Y., 394; *Chaut. Co. B'k* v. *White*, 6 id., 286; *Malony* v. *Horan*, 12 Abb. Pr., 289.) The justice could not be ousted of his jurisdiction until the amount in controversy has been proved by legal evidence. (*Parker* v. *Eaton*, 25 Barb., 122; *Glackin* v. *Zeller*, 52 id., 147, 154; *Fuller* v. *Conde*, 47 N. N., 89; *Kirk* v. *Blastfield*, 6 id., 509; 1 Wait's Pr., 68, 69; *Stevens* v. *Santee*, 49 N. Y., 35.)

*George W. Bradner*, respondent in person. The judgment of the justice's court operated as an estoppel. (Her. on Est., §§ 37, 51, 63, 80, 81.) Evidence *aliunde* inconsistent with the record cannot be received while the judgment is unreversed. (*People* v. *Smith*, 61 Barb., 360; *Rem* v. *Clark*, 5 Robt., 38; *Smith* v. *Lewis*, 8 Johns., 138; § 940 Code Civil Procedure; 2 Smith's Leading Cases, 787; *Clemens* v. *Clemens*, 37 N. Y., 59; Herman on Est., § 150; *Sheldon* v. *Wright*, 5 N. Y., 496.) A party who obtains or defeats a judgment by representing a thing in one aspect is estopped

from denying it. (*Ford* v. *David*, 1 Bosw., 569; Herman on Estoppel, § 165; 1 Abb., 150; *Bank* v. *Bank*, 50 N. Y., 575.) Defendant having accepted all the benefit from the act of the justice's court that it was capable of conferring upon him should not now be allowed to set it aside to the injury of the plaintiff. (65 Barb., 201; Herman on Est., §§ 336, 337, 342, 345; *Gillespie* v. *Carpenter*, 25 How., 203; *Coleman* v. *McClun*, 47 Barb., 206; *Dezell* v. *Odell*, 3 Hill, 215; *Bank* v. *Bank*, 50 N. Y., 575; *East River B'k* v. *Gove*, 57 id., 597; 30 How., 397; 52 Barb., 149; *Freer* v. *Stotenben*, 34 How., 449; *Barnes* v. *Rogers*, 41 Barb., 98; *Glackin* v. *Zeller*, 52 Barb., 147.) The adjudication of the justice is conclusive upon the question as to the accounts of both parties. (*Bailey* v. *Stone*, 41 How., 349; *Glackin* v. *Zeller*, 52 Barb., 147; 14 id., 250; 5 id., 572; 29 E. D. Smith, 317; *Ryan* v. *Doyle*, 40 How., 216; *Fayar* v. *Hannah*, 6 Hill, 633.) The justice had no jurisdiction to try the cause. (14 Barb., 250; 5 id., 572; *Ryan* v. *Doyle*, 40 How., 216; *Fayar* v. *Hannah*, 6 Hill, 633; *Kirk* v. *Blastfield*, 6 T. & C., 509.)

ANDREWS, J. The docket of the justice contains all the particulars necessary to constitute a valid judgment of discontinuance for want of jurisdiction. It shows the service of the summons, the appearance of the parties, the issue, a motion for discontinuance made by the defendant on the ground that the accounts between the parties exceeded $400, the granting of the motion upon the ground upon which it was put, and the items of costs in the action. It also recites that it satisfactorily appeared to the justice from the proof offered, that the accounts of the parties exceeded the sum named. It does not in terms award judgment of discontinuance with costs against the plaintiff, but this is the necessary consequence of the facts stated. The docket is informal, but technical precision in matters of form is not required in proceedings in justices' courts, and the rendition of judgment of discontinuance on the ground stated was we think estab-

lished by the docket. (*Hall* v. *Tuttle,* 6 Hill, 38; *Stephens* v. *Santee,* 49 N. Y., 35.) Upon the facts recited, it was the imperative duty of the justice to render judgment of discontinuance against the plaintiff with costs (2 R. S., 236, § 54) and if the contested accounts of both parties, exceeded the sum of $400, the right of the plaintiff to costs in the action afterwards brought for the same cause in the Supreme Court, although the recovery was less than fifty dollars, cannot be questioned. (Code, subd. 3, § 54.)

It is claimed however that in fact no proof was made on the trial from which it could appear to the justice that the case was not within his jurisdiction, and it is probably true that the only ground upon which the justice acted in determining the fact, was the assertion by the defendant on moving for a discontinuance, that the accounts of the parties exceeded $400. It is not necessary to decide whether the defendant would be concluded by the judgment of discontinuance from questioning the fact and ground upon which it proceeded if the justice had on his own motion, and without the defendant's intervention, dismissed the case. But we are of opinion that the defendant is precluded from denying that the case was not within the jurisdiction of the justice by the fact recited in the docket, and which though controverted, is sustained by the preponderance of the evidence that the discontinuance was upon his motion, and upon his assertion that the accounts of both parties exceeded the sum named. The defendant against the objection of the plaintiff procured the discontinuance upon this ground, and subjected the plaintiff to a judgment for the costs of the action, and rendered it necessary for him either to seek his remedy by action in the Supreme Court, or to procure a reversal of the judgment. The plaintiff had a right to repose upon the decision of the justice, and having recovered in the action in the Supreme Court, it is not open to the defendant, in answer to the plaintiff's claim for costs, to say that the case was in fact within the jurisdiction of the justice, or that the decision of the justice procured on his motion was erroneous. The

defendant availed himself of the decision in his favor, and is estopped from questioning it. (*Bailey* v. *Stone*, 41 How., 346; *Glackin* v. *Zeller*, 52 Barb., 147; *Kirk* v. *Blashfield*, 6 N. Y. S. C. R. [T. & C.], 509.)

The order of the General Term should be affirmed.

All concur.

Order affirmed.