JOHN J. WHITE, APPELLANT, *v.* HORACE K. THURBER, RESPONDENT.

*Landlord — right of, to enter upon and repair the demised premises after notice from the Brooklyn department of buildings.*

Where a landlord, upon the requirement and after notice from the department of buildings of the city of Brooklyn, enters upon demised premises for the purpose of making repairs required by such department, it is not a breach of the covenant of quiet enjoyment contained in the lease thereof.

The refusal of the tenant to permit the repairs to be made does not affect the right of the landlord to make them, where they are necessary, in order to prevent injury to others arising from the fall of the demised building.

APPEAL by the plaintiff from a judgment entered, in the office of the clerk of the county of Kings on the 20th day of February, 1889, upon the report of a referee dismissing the plaintiff's complaint.

The complaint alleged that the plaintiff was lawfully in possession of certain real estate known as No. 189 Columbia street, in the city of Brooklyn, which he used partly as a residence and partly as a place of business as a dealer in boots and shoes ; that the defendant, and his agents and servants, acting under his directions, forcibly and wrongfully, against the will of the plaintiff, entered into and upon the premises and took down and removed one of the principal walls of the building, and erected another wall in the place thereof, to the plaintiff's damage and the injury and embarrassment of his business.

The property in question was held by the plaintiff under lease from the defendant, who, on June 9, 1886, was notified by the commissioners of the department of buildings of the city of Brooklyn that the building in question was in an unsafe condition, in violation of law, and that said department of buildings directed that said " violation be immediately removed ; " in pursuance of which the defendant entered into and upon the premises, and did the several acts complained of by the plaintiff in conformity with such notice.

*James & Thomas H. Troy,* for the appellant.

*H. Applington,* for the respondent.

PRATT, J. :

The covenant of quiet enjoyment was not broken by the landlord entering upon the premises to make needful repairs. That covenant

is directed to an eviction by title superior to that of the landlord; and is not violated by an unlawful trespass. But in this case the entry was not unlawful. It was in obedience to a high duty owed to society, viz., to keep the building in repair that it should not injure people by its fall. The refusal of the tenant to permit the repairs to be made does not affect the legal right.

It was proven, without dispute, that the landlord acted upon the requirement and notice of the department of buildings, and the evidence is to the effect that due care was taken to avoid interfering with the business of the tenant. Such injury as was caused to plaintiff's business was rendered necessary by the insecure condition of the premises, and cannot be recovered for by action.

The judgment should be affirmed, with costs.

BARNARD, P. J., and DYKMAN, J., concurred.

Judgment affirmed, with costs.