## CORDELIA HARTWELL, RESPONDENT, *v.* HALLECK YOUNG, APPELLANT.

*Statute of frauds — contract for services — part performance — abandonment by employee — recovery on* quantum meruit — *Justice's Court — pleadings.*

A verbal contract for services for one year to commence *in futuro*, void under the statute of frauds, which has been entered upon and partly performed by the employee, and which does not involve the investment of capital further than the mere compensation for services, can be treated by the employee as void so that he may abandon performance without any fault of the employer and recover, upon a *quantum meruit,* for the services rendered with the permission of the employer upon the theory of an implied agreement that the employer will pay for such services what they are fairly and reasonably worth.

The rule which requires the statute of frauds to be pleaded in order to be available as a defense, or to uphold a cause of action, does not apply to Justice's Court pleadings.

APPEAL by the defendant, Halleck Young, from a judgment of the Ulster County Court, in favor of the plaintiff, entered in the office of the clerk of Ulster county on the 11th day of April, 1892, upon the report of a referee.

*Eldorous Dayton,* for the appellant.

*F. A. Westbrook,* for the respondent.

MAYHAM, P. J.:

This is an appeal from a judgment entered upon the report of a referee. The action was originally in a Justice's Court and from the judgment rendered therein an appeal was taken to the County Court for a new trial in that court where the same was referred to a referee from the judgment on whose report this appeal is taken.

On the trial before the justice it was objected that the court had no jurisdiction of the parties on the ground that neither the plaintiff or defendant resided in the town where the action was commenced or in an adjoining town in the same county as required by section 2869 of the Code of Civil Procedure.

The same question was raised before the referee and upon the proof on that subject the referee held that the justice had jurisdiction. We think the finding and determination of the referee on the question of plaintiff's residence was sustained by the evidence and that the exception to the report on that point was not well taken. Nor do we think there was any error committed by the referee in the receipt or rejection of evidence for which this judgment can be reversed. The original complaint before the justice was for work, labor and service rendered and performed by the plaintiff and her infant son for the defendant.

The amended complaint in the County Court did not materially change the nature of the claim from that made before the justice. The answer of the defendant alleged, among other things, that the services of the plaintiff were rendered under a special contract by which the plaintiff was to work for the defendant for one year and that she quit said service before the expiration of the agreed time. Also that on the 20th of December, 1890, the plaintiff contracted and agreed with the defendant to work for him for one year from December 20, 1890, and that the plaintiff quit such service before the expiration of the agreed time to the damage of the defendant of seventy-five dollars, and demands judgment against the plaintiff for that amount.

The referee found that two or three days before December 20, 1890, the plaintiff and defendant made a verbal contract whereby the plaintiff and her infant son were to work for the defendant for one year from December 20, 1890, for the sum of $260.

That the plaintiff and her son worked for defendant from December 20, 1890, until May 16, 1891, when they quit the service of the defendant. That they worked twenty weeks, and that their services were reasonably worth five dollars per week, being $100, and that the defendant had paid the plaintiff sixty dollars for such services, leaving unpaid and still due forty dollars. The referee also

finds, as a conclusion of law, that the verbal contract was void by the statute of frauds, and that plaintiff was entitled to recover on a *quantum meruit* for the value of the services of the plaintiff and her son for the time that they actually worked. The defendant excepted to this conclusion of law, and upon this exception the principal contention in this case arises.

The question fairly presented by this exception, is whether a contract for services for one year to commence *in futuro*, which has been entered upon and partly performed by the employee, can be treated by such employee as void, so that such employee may abandon performance without any fault of the employer, and recover for the services rendered upon a *quantum meruit*, upon the theory of an implied agreement, that the employer will pay for such services what they are fairly and reasonably worth.

Clearly, the contract proved in this case and found by the referee, could not be performed within one year from the time it was made, and as it was not evidenced by any writing signed by the party to be charged, was, within the statute of frauds, void. (3 R. S. [7th ed.], 2327, § 2.)

It was not, therefore, a contract which could be enforced by either party, and no action would lie for its breach. If, on the 20th day of December, 1890, the plaintiff had entered upon performance and the defendant had refused her and her son employment, she could not have maintained an action for a breach of the contract, and, on the other hand, if the defendant had demanded performance, and the plaintiff had refused, no action would lie for such refusal.

In *Billington* v. *Cahill* (20 N. Y. St. Rep., 615) the court held that an oral agreement to work for one year, made in the month of March to commence on the first day of the next April, was void under the statute of frauds, and that no action would lie on such agreement by the employee against the employer for the discharge of the plaintiff, without any reason, before the expiration of the year. In *William Oddy* v. *John B. James* (48 N. Y., 685) it was held that: "When a verbal agreement is entered into for work and labor, of one of the parties for a year, to commence *in futuro*, an entry upon the employment with the acquiescence of the employer, but without a new contract, does not take the case out of the statute of frauds, and the employer is not liable under the contract." In

*Shute* v. *Dorr* (5 Wend., 204) it was held that: "A parol agree-
ment by a parent, that his child aged sixteen years shall serve a
third person until he arrives at the age of twenty-one years, when
his master is to pay him $100, is within the statute of frauds, but if
any services are rendered under such contract, there may be a
recovery of the same upon a *quantum meruit.*" It is true, that in
the case last cited, the contract provided for its termination before
the end of the time if the boy became dissatisfied. But the court
held that the plaintiff might recover upon a *quantum meruit.*
Upon the ground either that the special contract was void under
the statute of frauds, or that it had been terminated and abandoned
by the parties.

In *Turnow* v. *Hochstadter* (7 Hun, 80) it was held that a
verbal contract made in February to work one year from the fol-
lowing May was void under the statute, and that a partial perform-
ance did not take it out of the statute, and that in an action brought
upon the void contract it was proper to allow the plaintiff to amend
his complaint so as to allow a recovery for the value of the services
actually rendered.

But it is insisted by the appellant that, before the plaintiff can
recover in this action upon a *quantum meruit,* arising out of an
implied promise by the defendant to pay what the work done under
this void agreement was worth, she must show that she was willing
to perform the agreement in its entirety on her part, and that the
reason of her failure to do so was some act of the defendant, and in
support of that proposition he cites *Galvin* v. *Prentice* (45 N.Y., 162).

That was a case where the plaintiff contracted to work for the
defendant for three years in learning the business and trade of hatter,
and the price was graduated by the year, based upon the supposed
proficiency which was made by the plaintiff, and for the third year
he was, by the terms of the contract, to receive full journeyman
wages. At the end of the second year he abandoned the contract.
On the trial the plaintiff was permitted to amend the complaint so
as to claim upon a *quantum meruit* for the services, and the only
exception taken at the trial, and which was reviewed on appeal, was
to the charge of the trial judge, in which he instructed the jury that
" the contract, although void, might be considered *prima facie* evi-
dence of the value of the services." To this part of the charge

the defendant excepted, and that exception alone was presented on the appeal, so that whatever was said by the learned judge outside of that exception was *obiter*, and can scarcely be regarded as an authority on the questions raised here.

None of the cases cited by the learned counsel hold that, where labor is performed under a void contract, that the employee must perform the entire labor required by such void contract before a recovery can be had for the work actually performed.

In *Erben* v. *Lorillard* (19 N. Y., 302), one of the cases cited on this point in *Galvin* v. *Prentice*, GROVER, J., in discussing the question of contracts void by the statute of frauds, uses this broad language : " The contract being void and incapable of enforcement in a court of law, the party paying the money or rendering the services in pursuance thereof, may treat it as a nullity and recover the money or the value of the services. * * * When the agreement fixing the compensation is void, it furnishes no evidence of value. The parties are presumed to know the law and to understand that such compensation cannot be recovered. Their position is the same in a legal view as though no agreement had been made in fact as there has been none in law."

This reasoning of the learned judge would seem to leave the parties precisely as if no contract had been made in fact, in which case there is little doubt that the person performing the service could recover upon an implied *assumpsit* to pay what they were fairly worth. But it must be conceded that the authorities on this subject do not appear to be all in harmony and that this question, upon authority, is not free from doubt.

I am, however, inclined to the opinion that where parties make a contract for labor not in any way involving the investment of capital farther than the mere compensation for services and work is performed under such void contract, that a party performing such labor is entitled to recover for so much labor as he performs, with the permission or consent of the other party to such void contract.

He would, at all times, be subject to discharge from such service and his void contract would give him no immunity against the dismissal from such service ; and so long as he voluntarily, with the permission of the other party, performs service to his advantage and with his implied assent there is no reason apparent, either in

justice or morals, why this void contract and his failure to fulfill its terms should be interposed as a defense to his recovery upon a *quantum meruit.*

It is also objected by the appellant that as the question of the statute of frauds was not raised by the pleadings it cannot be available as a defense or to uphold a cause of action. (*Porter* v. *Wormser*, 94 N. Y., 450 ; *Wells* v. *Monihan*, 129 id., 140.)

If the technical rules of pleadings obtained in Justices' Courts, which prevail in courts of record, this objection would be available. But in a Justice's Court pleadings are not required to be in any particular form and parties are not held to the observance of technical rules. (Code of Civ. Pro., § 2940.) On the whole case, I think the judgment of the County Court should be affirmed.

Judgment affirmed, with costs.

PUTNAM and HERRICK, JJ., concurred.

Judgment affirmed, with costs.