## CAMPBELL v. PORTER.

(Supreme Court, Appellate Division, Second Department. December 19, 1899.)

1. AGENT—EXECUTION OF CONTRACT—PERSONAL OBLIGATION.
   A contract signed by one who adds after his name the word "Agent" is on its face the contract of such person individually, as the word "Agent" is mere descriptio personæ.

2. STATUTE OF FRAUDS—JUSTICE'S COURT—PLEADINGS.
   Since, under Code Civ. Proc. § 2940, pleadings in justices' courts are not required to be in any particular form, and parties are not held to technical rules, in actions in such courts the statute of frauds may be taken advantage of without being pleaded.

3. LANDLORD AND TENANT—REPAIRS—INTERFERENCE WITH TENANT—DAMAGES.
   One who contracts with another to repair a building belonging to the latter, in possession of a tenant, must prosecute the work so as not to unnecessarily or improperly interfere with the business of the tenant; and, if he fails so to do, he will be answerable to the tenant in damages.

4. SAME—AGENT—AUTHORITY—CONTRACTS.
   Where one purporting to act as agent employs another to do certain work, under a promise that his principal will pay for it, and that, if the principal does not pay, he will, and such work is for the benefit of the agent, and he has no authority to contract for the principal, the agent is personally liable.

5. SAME.
   Neither a landlord nor the contractor is liable to a tenant of the former for damages occasioned by the interruption of his business, necessarily caused by the proper prosecution by the contractor of the work of repairing the leased premises, when the making of such repairs was required by an order of the department of buildings of the city of New York, whose orders the statutes make it obligatory on the owner to obey.

Appeal from municipal court, borough of Brooklyn, First district.

Action by Robert Campbell against John G. Porter. From a judgment in favor of plaintiff, defendant appeals. Modified.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Shiland & Honeyman, for appellant.
Jehiel T. Hurd, for respondent.

CULLEN, J. The pleadings in this case were oral, and the return of the justice states that the plaintiff declared on a breach of contract. The plaintiff was the tenant of certain premises, one of the walls of the building on which was ordered by the department of buildings, on account of insecurity, to be taken down and rebuilt. The defendant is claimed to have been the contractor employed by the owner of the

premises to do the work required by the city officials. He contends that he was merely the agent of another person, named Hedden, who, he asserts, was the real contractor. He signed the contract for the work as "John G. Porter, Agent." The word "Agent" is mere descriptio personæ, and on its face the contract is that of Porter individually. The evidence was sufficient to hold him as such. The plaintiff testified that on being applied to by Porter to remove the former's goods, so as to enable the work to be carried on, Porter stated that he would be paid for the work; that the estate (the owner of the building) would do what was right, and, whatever the expense was, it would be paid. The defendant testified that he said to the plaintiff "that the Chichester estate was fair and honest with their tenants, and, if the Chichester estate don't pay you that amount, I will." It is contended that this undertaking was merely a guaranty, void under the statute of frauds, and that no liability can be based upon it. It is urged in opposition to this contention that the defense of the statute of frauds was not pleaded, and therefore could not be raised. This is the general rule, but seems not to apply in a justice's court. Hartwell v. Young, 67 Hun, 472, 22 N. Y. Supp. 486. We think, however, there is a good answer to the claim. Porter had contracted to do the work. The duty of removing the plaintiff's goods, and prosecuting the work so as not unnecessarily or improperly to interfere with the tenant, rested upon him. Sulzbacher v. Dickie, 51 How. Prac. 500. It appears that he had no authority to bind the Chichester estate, and that the work was for his own benefit. Therefore, if it be assumed that his engagement was collateral, he nevertheless was personally liable for his want of power as agent. Story, Ag. (9th Ed.) § 264. We think it would be too narrow a construction of the agreement to confine the promise of reimbursement to the mere moving of the goods. We construe it to include indemnity for all injury that might be done the plaintiff from the improper prosecution of the work. The defendant would be liable for such damages in an action in tort; but, under the construction we have given to the contract (which does not consist merely of the words above quoted), the defendant was liable to the same extent on his express promise. But the law made it obligatory upon the owner to comply with the order of the public authorities, and, for such interruption to his business as was the necessary result of even a proper prosecution of the work, neither his landlord nor the contractor was liable. White v. Thurber, 55 Hun, 447, 8 N. Y. Supp. 661; Ward v. Kelsey, 42 Barb. 582; Turner v. McCarthy, 4 E. D. Smith, 247. Under this principle, we cannot see that the plaintiff was entitled to the amount paid for the services of watchmen to guard his goods while the work was going on.

The judgment should be reduced by deducting therefrom the sum of $75 allowed for this claim, and as reduced affirmed, without costs of this appeal to either party. All concur.