---

(158 App. Div. 247.)

## In re KOPOZYNSKI.

(Supreme Court, Appellate Division, Third Department. July 8, 1913.)

COURTS (§ 189*)—CITY COURTS—PLEADING—COUNTERCLAIM.

Laws 1906, c. 477, § 113, provides that the rules obtaining as to pleading in justice courts shall apply to the City Court of Elmira. Code Civ. Proc. § 2940, provides that in justice court a pleading need only be such as to enable a person of common understanding to know what is intended. Plaintiff instituted in the City Court of Elmira summary proceedings against defendant for nonpayment of rent. Defendant denied all the allegations, except that of ownership, and set up that he leased the premises for two years at a monthly rental of $18, that plaintiff was to furnish the water, that because of nonpayment of the bill by plaintiff the water was shut off, and he had been deprived of full use of the premises, and tendered $9.39 as rent, and $6.35 costs. *Held*, that the answer was sufficient to enable a person of common understanding to know that defendant was claiming a deduction from the rental, and was sufficient.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

Smith, P. J., dissenting.

Appeal from Chemung County Court.

Summary proceedings by Josephine Kopozynski to remove Albert Kurper from premises as tenant for nonpayment of rent. From a judgment of the County Court, reversing a judgment of the City Court, defendant appeals. Reversed.

Argued before SMITH, P. J., and KELLOGG, LYONS, HOWARD, and WOODWARD, JJ.

Disney & Danaher, of Elmira, for appellant.

Harry H. Hays, of Elmira, for respondent.

JOHN M. KELLOGG, J. The plaintiff instituted summary proceedings to remove the defendant from her premises as a tenant for nonpayment of rent. The lease was made in the name of her husband as the lessor for two years from March 15, 1911, at a monthly rental of $18 in advance. The defendant occupied the premises as a butcher shop. Water was supplied to the shop through the same meter that supplied the tenants on the second floor and the tenant in another building belonging to the plaintiff. City water was furnished to the defendant without additional cost until February 20, 1912, when the supply was cut off by reason of plaintiff's not paying the bill. Thereupon the defendant refused to pay the rent due March 15th. All previous bills had been paid by plaintiff.

The defendant in his answer denied all the allegations in the petition, except the ownership of the plaintiff, and then set up the facts above stated, and alleged that the defendant has been deprived of the full use, enjoyment, and possession of the premises mentioned in the petition, by reason thereof. He also alleged damages of $50 because plaintiff's tenants on the upper floor had allowed water to leak down into his premises.

The defendant paid into court as a tender $9.39 for rent and $6.35, the costs to date. The plaintiff claimed that it was agreed before the lease was signed that she should pay $3 of the water rates and the defendant the rest. The defendant denied this. The justice dismissed the proceedings, with costs, thereby finding all the disputed facts in favor of the defendant. The County Court reversed the judgment, on the ground that there had been no eviction, that the defendant had alleged no damages in the answer and no counterclaim, and therefore was in default for the entire rent. The court in its opinion finds that the defendant was right on the questions of fact.

The leased premises being supplied with water through a common meter, and the plaintiff having paid the water rates without question for a part of the term, it is evident that the understanding of the parties was that the plaintiff was to pay the water rates. The City Court and the County Court properly so found.

The judgment in favor of the defendant was reversed for a defect in the pleadings, in that the answer does not in form set up a counterclaim, and does not allege damages by the wrongful act of the plaintiff in not paying the water rates. Such determination, I think, overlooked the provision of section 2940 of the Code of Civil Procedure, which provides that in justice court:

"A pleading is not required to be in any particular form; but it must be so expressed to enable a person of common understanding to know what is intended."

The rules obtaining as to the pleading in justice court apply to the City Court of Elmira. Section 113, chapter 477, of the Laws of 1906.

It is evident that the answer did not intend to set up an eviction, because the proceeding was brought upon the theory that the defendant was in possession and he was seeking to retain that possession. The allegations as to the terms of the contract, the conduct of the parties, the shutting off of the water, and that the defendant had been deprived of the use and enjoyment and possession of the premises mentioned thereby were evidently intended for some purpose, and when the defendant paid into court the costs and a part of the rent, withholding the other part, it became evident that the defendant was claiming some deduction from the rental on account of the wrongful act of the plaintiff in depriving him of water. It is true that he states no exact amount of damages he has sustained, but the facts alleged show that he was damnified. It appeared from the evidence that the plaintiff had failed to pay $8 water rates, which she should have paid, and that by reason thereof the defendant's butcher shop had been deprived of its supply of water from February 20th to April 3d, the day of trial. The money paid into court became the property of the plaintiff. The

damages, therefore, allowed the defendant by the court, were $8.61. We cannot say that the amount is unreasonable, or that it is not justified by the evidence.

The defendant, therefore, paid into court all arrearages of rent, together with the costs, and the judgment in his favor was proper.

The judgment of the County Court should be reversed, and the judgment of the City Court affirmed, with costs to the defendant in both courts. All concur, LYON, J., in result, except

SMITH, P. J. (dissenting). Justice KELLOGG says that the County Judge reversed the City Court on the question of pleading, while the opinion of the County Judge puts his reversal both on the question of pleading and on the question of proof. He further says the County Court reversed the judgment on the ground, if there had been no eviction, that the defendant had alleged no damages in the answer, and no counterclaim, and therefore was in default for the entire rent. The County Judge admits the payment into court of part of the rent, and puts his decision upon the ground that the full amount of the rent had not been paid. Because a defendant has alleged an injury, without stating in any way the amount of damages, and without demand therefor, I do not conceive that he has stated a counterclaim. Beyond that, without any word of proof as to the extent of damage suffered, we cannot give to him a counterclaim which is not alleged, and then hold that he has proven that imaginary counterclaim.

I do not see any escape from the conclusion of the County Judge. The defendant has neither alleged his counterclaim for damages nor given a word of proof thereon, and the court clearly is not authorized, even though we could avoid the question of pleading, to supply the lack of proof for the purpose of defeating this summary proceeding. His tender into court was confessedly of only a part of the rent which was due. If he had proven his damage to the extent of the balance of the rent not deposited, a different question would have arisen. It seems to me that the judgment ought to be affirmed, upon the opinion of the County Judge.