ligence, which will in many cases impose responsibility upon him. If ·he creates a nuisance upon his premises, and then demises, then he remains liable for the consequences of the nuisance as the creator thereof. * * * "

The court then proceeded to hold, after citing and discussing various authorities, that since the lessee was in control, and had the right to support the gallery with props, if they were needed, and the lessor had no right to enter for the purpose of making repairs, and the lessor had no reason to know that the gallery was unsafe, the lessor was not liable.

In the case at bar we have nothing to fix liability upon the defendants, but the fact of the accident itself, totally unexplained. It is not shown that there was an existing defect in the balcony at the time of the lease to the Talmud Torah. The nature of the Talmud Torah's possession does not appear. It does not appear whether the defendants retained control of the premises, merely licensing the Talmud Torah to hold the services and collect the fees from the congregation, or whether the Talmud Torah held under a lease which deprived the defendants of the right to enter and make repairs, and imposed the duty of keeping the place in repair upon the lessees. From a mere happening of the accident, totally unexplained, I do not think even a prima facie liability is imposed upon the defendants, from the bare fact that they are lessees of the property, unaccompanied by proof of the additional fact that they were in possession or control, or some other fact which would charge them with responsibility.

The judgment appealed from should be reversed, and a new trial granted, with costs to the appellants to abide the event. All concur.

---

(85 Misc. Rep. 402)·

COFFIN v. UNITED MFG. TRIMMING CO.

(Supreme Court, Appellate Term, First Department. May 7, 1914.)

1. LANDLORD AND TENANT (§§ 109, 172*)—EVICTION—ENTRY UNDER LAW.

An entry by a landlord upon the premises to comply with an order of a city department to make repairs is not an eviction, nor the acceptance of a surrender.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 350–360, 363–365, 368–371, 695–703; Dec. Dig. §§ 109, 172.*]

2. LANDLORD AND TENANT (§ 133*)—CONSTRUCTIVE EVICTION.

Tenants hold the premises subject to the exercise of the police power, and a covenant for the payment of rent is not breached or discharged by the exercise of the police power of the municipality in requiring repairs or changes.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 465–469; Dec. Dig. § 133.*]

3. LANDLORD AND TENANT (§ 103*)—CONSTRUCTIVE EVICTION.

Plaintiff leased premises to defendant for five years, to be used "for the manufacture of cloak and suit trimmings and buttons, and for no other purpose"; the tenant agreeing to promptly comply with all ordinances and regulations of the city, and any department thereof, applicable to the premises. Some time after the lease was executed, defendant began to manufacture celluloid buttons, and thereafter the fire commissioner required defendant to discontinue the use of the premises for the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

manufacture of celluloid buttons, unless the regulations of the municipal explosive commission were complied with, and also required the owner to install a sprinkling system and make a fire escape, etc.; but, after plaintiff had contracted to make such improvements for repairs, defendant (tenant) abandoned the premises. *Held* that, since the premises had only become unusable for one of the purposes contemplated by the lease, and were still usable for its general purposes, defendant could not defend an action to recover October rent, on the ground that the lease had been terminated and the premises surrendered.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 321–327, 337–342; Dec. Dig. § 103.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Edmund Coffin against the United Manufacturing Trimming Company. From a judgment for defendant, plaintiff appeals. Reversed, and judgment ordered for plaintiff.

Argued April term, 1914, before GUY, PAGE, and WHITAKER, JJ.

Moen & Dwight, of New York City, for appellant.
Jacob M. Schoenfeld, of New York City, for respondent.

GUY, J. This action was brought to recover rent for the month of October, 1913, under a written lease dated November 4, 1908, whereby plaintiff's assignors leased to defendant certain loft premises for five years, to begin February 1, 1909, the premises "to be used for the manufacture of cloak and suit trimmings and buttons, and for no other purpose." The tenant agreed "to promptly execute and comply with all rules, orders, ordinances, and regulations of the city government, and of any and all its departments and bureaus, applicable to said premises." The defendant entered into possession of the lofts, which were located on one floor of said premises, and conducted therein, from the beginning of the lease down to the latter part of September, 1913, a button manufacturing business, which included, among other things, the manufacture of celluloid buttons.

The evidence shows that the manufacture of celluloid buttons by defendant did not begin until some time after defendant went into possession, but increased very largely during the succeeding years. It was not specifically mentioned in the lease. On May 1, 1912, defendant obtained a fire department permit to keep celluloid on the premises, which permit was revoked on August 12, 1913; an inspector of the fire department having officially reported that the business conducted in said premises, in the manufacture of celluloid products, was conducted in a way that constituted it a menace to surrounding property. On September 5, 1913, the fire commissioner issued an order that defendant should discontinue the use of the premises for the manufacture of celluloid buttons within five days unless the regulations of the municipal explosive commission were complied with. On September 11th defendant's time to comply with this order was extended to October 1, 1913. On the same date two further orders were made by the fire commissioner, requiring the owner to install a wet sprinkler system

throughout the building, also to make the doors to stairways, halls, and rear fire escapes self-closing, and to provide a fireproof passageway from rear fire escape to.Twenty-Fourth street.   The evidence shows that plaintiff, in .compliance with said orders, entered into a contract for the making of these very extensive improvements on September 29, 1913, prior to the date when the defendant tenant abandoned the premises.

[1] No sufficient proof of surrender and acceptance was offered by defendant.   It is well established that an entry by a landlord upon demised premises, to comply with an order of a city department to make repairs therein, is not an eviction, nor the acceptance of a surrender. White v. Thurber, 55 Hun, 447, 448, 8 N. Y. Supp. 661; Campbell v. Porter, 46 App. Div. 628, 61 N. Y. Supp. 712; Markham v. Stevenson Brewing Co., 51 App. Div. 463, 465, 466, 64 N. Y. Supp. 617, affirmed 169 N. Y. 593, 62 N. E. 1097.

[2] All tenants hold the premises demised to them subject to the full exercise of the police power of the government.   The exercise of an act of sovereignty ·by the government is not a breach of, nor will it discharge, the covenant of a lease for the payment of rent.   Rawle on Covenants for Title, § 129; Legal Tender Cases, 12 Wall, 549, 550, 20 L. Ed. 287; Gallup v. Albany Ry. Co., 65 N. Y. 1, 5.

[3] It is contended by the defendant respondent that, the building having become untenantable for the purposes stated in the lease, though through no default of the owner, the defendant was entitled, as matter of law, to surrender the premises, as he would, had they become unusable for any purpose, as through destruction by fire.   It is unnecessary, however, to consider this doubtful proposition, inasmuch as it is clearly shown by the evidence that the premises only became unusable for one of the purposes contemplated by the lease, though not specifically mentioned therein, and were usable for the general purposes contemplated; i. e., the manufacture of other kinds of buttons and of the cloak and suit trimmings as specified in the lease.   Hardships resulting from acts of sovereignty, or the exercise of police power, must be borne by those affected thereby, whether tenants or landlords, and must be deemed to have been in contemplation of the contracting parties at the time they entered into the contract of hiring.

Defendant having established no defense to plaintiff's cause of action, the judgment must be reversed, with costs, and judgment ordered for plaintiff for $225 and costs.   All concur.