HOMER JOHNSON, as Treasurer of the Arkanium Club, Respondent, v. JOSEPH CASE, Appellant.

(County Court, Chenango County, October, 1916.)

City Court of Norwich — pleading — Laws of 1914, chap. 34, § 276 — Code Civ. Pro. § 2891.

Pleading — verification of — in action by treasurer of unincorporated association — actions — demurrer — Code Civ. Pro. § 2940.

Under the statute creating the City Court of Norwich (Laws of 1914, chap. 34) and which provides that except as specifically modified therein said court shall be governed by the provisions of the Code of Civil Procedure applicable to Justices' Courts as then or thereafter existing, a judgment may be rendered in said court upon filing the summons and a verified complaint with due proof of due service thereof, no answer having been interposed, as provided by section 276 of the act of 1914 which in substance is the same as section 2891 of the Code of Civil Procedure.

Where from the reading of the complaint in an action brought in said court by the treasurer of an unincorporated association in his own name a person of " common understanding " would conclude that defendant had purchased goods of the value of one hundred dollars and had leased premises of the plaintiff of the value of twenty dollars and that he had paid upon both items the sum of seventy-seven dollars and fifty cents, leaving the balance unpaid, and said complaint demands judgment therefor, the complaint is good under section 2940 of the Code of Civil Procedure, though under strict rules an allegation of nonpayment contained in the second cause of action would not apply to the first cause of action.

Where in such case a demurrer to the complaint is overruled and defendant does not exercise his right to interpose an answer, he has no cause for complaint against the judgment entered for plaintiff.

Where all the allegations of the complaint were made on information and belief a verification by plaintiff himself was sufficient though the sources of his information and the grounds of his belief were not stated.

County Court, Chenango County, October, 1916. [Vol. 97.

APPEAL from a judgment rendered in the City Court of the city of Norwich.

Frank W. Barnes, for appellant.

David F. Lee, for respondent.

HILL, J. This is an appeal from a judgment rendered in the City Court of the city of Norwich. That court is created by chapter 34 of the Laws of 1914. Such chapter provides that this court, except as specifically modified therein, should be governed by the Code of Civil Procedure for Justices' Courts, as such Code then or thereafter existed. Section 276 of said chapter 34 adopted, in substance, the provisions of section 2891 of the Code of Civil Procedure in reference to the taking of judgment upon filing the summons and verified complaint and proof of service thereof. Judgment herein was taken without offering common-law proof, and solely upon the filing of said summons and complaint, as permitted by said section of the act creating the City Court, and as permitted by said section of the Code of Civil Procedure. This complaint purports to set forth two causes of action. In the first cause of action it is alleged that the plaintiff is and was, at all the times mentioned in the complaint, treasurer of an unincorporated association of seven or more members, and said first cause of action contains the following allegation only, besides the formal part above mentioned:

" 2nd. That heretofore and on or about the 1st day of August, 1914, the said plaintiff herein sold and delivered to the above named defendant, at the special instance and request of said defendant, a quantity of furniture, at the agreed and reasonable value of the sum of One Hundred Dollars ($100.00)."

In the portion of the complaint which appears after the caption '' second cause of action,'' the 1st paragraph realleges the portion of the first cause of action in reference to the capacity, etc., in which said Homer Johnson sues.    The 2d paragraph of said second cause of action is as follows:

'' That heretofore and on or about the 1st day of August, 1914, the above named plaintiffs leased the above named defendant, at the special instance and request of the above named defendant, certain rooms in the Case Block on North Broad Street, in said City of Norwich, N. Y., for the months of August and September, 1914, of the agreed and reasonable value of said leased rooms of the sum of Twenty Dollars ($20.00).''

The 3d paragraph after the caption '' second cause of action '' is as follows:

'' That no part of the above mentioned sums of One Hundred Dollars ($100.00) and Twenty Dollars ($20.00) has been paid, with the exception of the total sum of Seventy-seven and 50/100 Dollars ($77.50), and that defendant is now due and owing the plaintiff the sum of Forty-two and 50/100 Dollars ($42.50), although payment thereof has been duly demanded but refused.''

The complaint concludes with a prayer for judgment in the amount of forty-two and one-half dollars, with interest from the 1st day of August, 1914.    The complaint is verified by Homer Johnson in the usual form of a party in the Supreme Court, except that it sets forth that he is the treasurer '' Of the above named plaintiffs, an unincorporated club or association.''    There is no allegation in the verification as to the source of information.    The entire complaint is alleged upon information and belief.    The complaint and summons were served upon the defendant, as

appears by the return, and upon the return day the defendant, with his attorney, attended before the City Court and demurred to the complaint, and the demurrer is in writing and contains two subdivisions; one subdivision setting forth the grounds of the demurrer to the first cause of action, and the second subdivision setting forth the grounds of the demurrer to the second cause of action, the grounds of demurrer in each cause of action, however, being the same, and being in the following form:

"*First.* That there is a defect in parties plaintiff, inasmuch as the action is brought in the name of Homer Johnson as Treasurer of the Arkanium Club, and is not brought by the Arkanium Club, by Homer Johnson its Treasurer.

"*Second.* That the said complaint and the first (second) alleged cause of action therein set forth does not state facts sufficient to constitute a cause of action."

The return of the justice shows the appearance, and that the defendant did demur to the complaint "On grounds stated in the demurrer." The return then recites that the demurrer was overruled, and the usual statements as to the entry of judgment.

Section 1919 of the Code of Civil Procedure seems to answer the first ground of demurrer as to a defect of parties plaintiff. That section specifically says an action can be maintained by the treasurer of an unincorporated association to recover any property, or upon any cause of action, for which all of the members of said unincorporated association might have maintained an action. As to the second ground of demurrer, it would seem that the complaint is somewhat involved, and in a court of record a different rule would obtain than that which I am going to apply in this case. Section 2940 of the Code of Civil Procedure,

under the heading " General rules of pleading," says, in reference to pleadings in Justice's Court: "A pleading is not required to be in any particular form; but it must be so expressed, as to enable a person of common understanding to know what is intended." While the allegation of nonpayment, contained in the second cause of action, would not apply to the first cause of action, if strict rules were applied, yet the above said quoted section unequivocally states that the pleading does not have to be in any particular form, and would seem to avoid the necessity of setting forth a complete cause of action in each of the subdivisions. From reading this complaint, it would seem to me that a person of " common understanding " would draw the conclusion that the defendant had purchased goods of the value of one hundred dollars, and had leased premises of the plaintiff of the value of twenty dollars, and that he had paid upon those two items the sum of seventy-seven and one-half dollars, leaving the balance unpaid.    Construing the last mentioned section of the Code, it was held that the Statute of Frauds, in order to be available as a defense, did not of necessity have to be pleaded in Justice's Court, but that the defendant, though the same had not been specifically pleaded, could, under a general denial, interpose that defense. *Hartwell* v. *Young,* 67 Hun, 474; *Campbell* v. *Porter,* 46 App. Div. 628.    Former Chief Judge Cullen, then sitting in the Appellate Division, in *Campbell* v. *Porter,* says: " It is urged in opposition to this contention that the defense of the Statute of Frauds was not pleaded, and, therefore, could not be raised.    This is the general rule, but it seems not to apply in a Justice's Court."    Considerable laxity is permitted in pleading in Justice's Court, and in the entire proceedings therein.    47 Hun, 117; 158 App. Div. 247; 75 N. Y. 417.

The appellant further argues that the complaint was not properly verified to permit the entry of judgment without common-law proof, because Mr. Johnson did not set forth the sources of his information and the grounds of his belief, as required by section 526 of the Code. This complaint was verified by the plaintiff himself. The Code is the warrant for the treasurer of an unincorporated association to bring the action as plaintiff. Thus, it was not the case of an agent or an attorney verifying the pleading; it was the case of the party himself making the verification. The verification, therefore, seems to be sufficient. Numerous cases have been decided holding that the officer of a corporation who verifies a complaint does not have to state the grounds of his belief.

A matter which was not raised by counsel, and which, in fact, is not in the case, has come to my attention, in my examination of the law, and I feel like including it in my opinion. *Oulman* v. *Schmidt,* 35 Hun, 345, and *Thomas* v. *Jones,* 47 id. 81, held and decided that a verified complaint did not warrant the entry of judgment thereon without common-law proof, in the event that a demurrer was interposed by the defendant. However, on an examination of the statute permitting the entry of judgment without common-law proof, after a demurrer has been interposed, I find that at the time each of those cases in the General Term was decided, the statute governing this matter was section 3 of chapter 414 of the Laws of 1881. I find that that chapter has been very thoroughly repealed; in fact it was repealed once by chapter 291 of the Laws of 1906, and again by chapter 65 of the Laws of 1909. That chapter provided as follows: " In case the defendant fails to answer or demur to said complaint, as hereinbefore provided, at the time of the return of said summons he shall be deemed to

have admitted the allegations of the complaint as true, and the court shall, upon filing the summons and complaint, with due proof of service thereof, enter judgment   *   *   *."

By said chapter 291 of the Laws of 1906, section 2891 of the Code of Civil Procedure was passed in its present form, and that section, so far as it applies to this case, now reads as follows: " If a defendant fails to appear and answer, the plaintiff cannot recover without proving his case, except in an action which has been commenced by the service of a summons and verified complaint as provided by section 2936 of this code; in such action, in case the defendant fails to answer said complaint   *   *   *   at the time of the return of said summons he shall be deemed to have admitted the allegations of the complaint as true, and the court shall, upon filing the summons and complaint, with due proof of service thereof, enter judgment   *   *   *." And, as I suggested earlier in this opinion, section 276 of chapter 34 of the Laws of 1914 enacts in substance the provisions of the last quoted section.

The appellant complains that he did not plead over after the demurrer was overruled by the City Court. He had that right, but he chose, apparently, not to exercise it. It was for him to decide whether to offer a pleading in answer, and having failed to do so I am unable to ascertain his cause for complaint in that regard.

For the above reasons, the judgment of the City Court should be affirmed.

Judgment affirmed.