ALEXANDER H. NONES *v.* JOSEPH G. HOMER AND AUSTIN W. OTIS.

An agreement, made one week prior to the 1st of August, 1857, to enter the service of another, and continue therein until the 1st of August, 1858, is an agreement which, by its terms, is not to be performed within one year from the making thereof, and, if resting in parol, is void.

But an employer, having derived a benefit by the servant's part performance under such a contract, is liable in an action for the services actually rendered.

And, in the absence of any evidence as to the value of the services, the rate of compensation fixed by the agreement should be regarded as the measure of damages.

APPEAL by defendants from a judgment of the Fourth District Court. This action was brought to recover for services rendered to the defendants, as their clerk, for the months of October, November, and December, 1857. The plaintiff testified that about a week prior to the 1st of August, 1857, he made an agreement with the defendants to enter their employ, as a clerk, at a salary

of $600 per year—the employment to last from the 1st of August, 1857, to 1st August, 1858; that he was paid up to the 1st of October, 1857, and, on the 26th of that month, was discharged, the defendants having failed and made an assignment on that day. Judgment was rendered, on this evidence, against the defendants for the amount claimed, and from this judgment they appealed.

*Northrup & Vernon*, for the appellants.

I. The evidence shows that the contract on which the plaintiff seeks to recover, was a *parol* agreement made about a week before the 1st of August, 1857, for the services of the plaintiff for one year from and after the said 1st day of August, 1857. It was therefore an agreement which, by its terms, was not to be performed within one year from the making thereof; and is, for this reason, void by the Statute of Frauds. Rev. St., 3d ed., vol. II, pt. 2, tit. 2, chap. 7, § 2, p. 195; *Drummond* v. *Burrill*, 13 Wend. 307; *Lockwood* v. *Barnes*, 3 Hill, 128; *Broadwell* v. *Getman*, 2 Denio, 87.

II. " Although performance is to begin, and does begin, within the year, yet, if the agreement is not to be *completely* executed within that period, it is within the Statute of Frauds." 3 Hill, 128, *supra;* 2 Denio, 87, *supra*.

*E. W. Dodge*, for the respondent, cited *Young* v. *Dake*, 1 Selden, 463.

By the Court, BRADY, J.—The respondent claimed from the appellants the sum of $150 for three months' services rendered under and by virtue of a contract made with them at the rate of $600 per year. The agreement was by parol, and was for a year's service, namely, from August, 1857, to August, 1858. The respondent remained in the service of the appellants until the 26th of October, 1857, when he was discharged by them. It appears, from the respondent's statement, that the agreement was made *one week preceding the 1st of August,* 1857, but that it was

to *continue* from August, 1857, to August, 1858, and it follows that it was an agreement which, by its terms, was not to be performed within one year from the making thereof, and is void. *Wilson* v. *Martin*, 1 Denio, 602 ; *Broadwell* v. *Getman*, 2 Denio, 87 ; *Lockwood* v. *Barnes*, 3 Hill, 128. But the appellants, having derived a benefit by a part performance, must pay for what they have received. *Lockwood* v. *Barnes, supra ; King* v. *Brown*, 2 Hill, 485. And, having agreed as to the amount or rate of compensation, in the absence of proof as to the value of the services rendered, the agreement should be regarded as the measure of damages. See *King* v. *Brown, supra.* The respondent was paid up to the 1st of October, 1857, but remained until the 26th of that month. On the principles herein stated, he was only entitled to recover for twenty-six days service, at the rate of $600 a year, which amounted to $42.12. The judgment must therefore be reduced to, and affirmed for, that sum, and reversed as to the excess.

Ordered accordingly.