# Dickson & Co. v. Frisbee.

*Action for Work and Labor done Under Contract.*

*Statute of frauds; contract not to be performed within a year.* — A verbal contract entered into on the 21st day of December, 1870, whereby plaintiff agreed to serve as clerk for defendants for a year, commencing on the day thereafter and ending on the 22d day of December, 1871, is a contract to be performed within a year and therefore not within the statute of frauds.

APPEAL from Choctaw Circuit Court.

Tried before Hon. L. R. SMITH.

This was an action by appellee against appellants for the breach of a contract. The testimony showed that appellants

[Dickson *v.* Frisbee.]

entered into a contract, verbally, with appellee, by which the latter engaged on December 21st, 1870, to clerk for appellants for a year, commencing on the 22d day of December, 1870, and ending on the 22d day of December, 1781, at a given sum, per month, and that appellants committed a breach thereof in June, 1871.

Appellants (defendants) asked the court to charge the jury "that if they believe from this evidence that the contract between Frisbee and Dickson was verbal, and was made on the 21st of December, 1870, to begin on the 22d of December, 1870, and end on the 22d of December, 1871, such contract is void and plaintiff cannot recover." 2. If the jury believe the contract was a verbal contract, and that the time from which it was made to the time of its completion was beyond the limit of a year, though but for one day, such contract was void, and plaintiff cannot recover. Both charges were refused, and this ruling is here assigned for error.

W. F. GLOVER, for appellant.

SMITH & COBBS, for appellee, cited *Cawthorne* v. *Cowdrey*, 13 C. B. (N. S.) 406; *Meaher* v. *Pomeroy*, 49 Ala. 146.

JUDGE, J. — The contract sued on in this case was verbal, and was made on the twenty-first day of December, 1870, for a year's service, to commence on the day following. The question in the case is, whether by its terms it was a contract not to be performed within a year from the making thereof, and therefore void under the statute of frauds.

Section 8 of our Code provides that the word year, when used therein, means a calendar year; and we hold that an agreement for the performance of a year's service means a year to commence on the next day. This construction is in accordance with the ordinary rule for the computation of time which excludes fractions of a day; and it is in harmony, too, with section 14 of the Revised Code, which provides that in computing the time within which any act is required to be done, there must be an exclusion of the first day and an inclusion of the last. *Owen* v. *Slatter*, 26 Ala. 547.

The court of common pleas of England, in a case almost identical with the present, and under a statute of frauds the same in substance as ours, decided that a contract made on one day for a year's service to commence on the next was not within the statute of frauds. *Cawthorne* v. *Cowdrey*, 13 Com. Bench Rep. (N. S.) 406.

There was no error in the refusal of the circuit court to give the charges requested, and its judgment is affirmed.