AUGUST F. BLANCK, Respondent, *against* JOHN M. LITTELL *et al.*, Appellants.

(Decided June 7th, 1880.)

A contract of employment for a year, to commence on a day subsequent to the making of the contract, is void under the statute of frauds ; and in an action for damages for a breach of such contract, the objection may be raised on the trial, although the statute is not pleaded, where, under the pleadings, it is incumbent upon the plaintiff to prove the contract.

APPEAL from a judgment of this court entered on the verdict of a jury, and from an order denying a motion for a new trial.

Some time prior to January 22, 1876, the defendants made a verbal agreement to employ plaintiff as a bookkeeper for one year, commencing on January 22, 1876, at a yearly salary of $1,100. He entered upon said employment on the 22d of January and continued therein until some time in August, when he was discharged. The plaintiff thereupon brought this action to recover damages for breach of the contract of employment. The defendants insisted that the contract was within the

statute of frauds and could not be enforced.   This objection was overruled by the court, and a verdict was rendered by the jury in favor of the plaintiff.   A motion by the defendants for a new trial was denied, and judgment for the plaintiff was entered upon the verdict.   From the judgment and the order denying a new trial, the defendants appealed.

*Daily & Machin*, for appellants.

. *Julius J. Frank*, for respondent.

VAN BRUNT, J.—[After stating the facts as above.]—Although it is claimed by the respondent that the evidence does not show that the contract of employment was made prior to the 22d of January, 1876, the evidence clearly shows that fact. Upon his cross-examination the plaintiff testified as follows : " I have testified on my direct examination that some time prior to the 22d of January, 1876, Mr. Littell proposed to me to renew the year.   He stated to me that he had wished to increase my salary for the next year, but that the business did not afford it, and that he would be glad if I would accept the same terms for another year.   I told him that I was satisfied with the same terms and that I would accept the same terms *for another year*..

" Q. Then you pretend to say that you and he, then and there, made that agreement ?

" A. Yes.   Mr. Chace was not present that I recollect of.   I will not swear positively that he was not; he may have been there, because he came in and out of the office constantly, and I could not say whether he was present or not.   I remember the incident as plainly as I stand here now, that Mr. Littell stood at my desk and made me the proposition, but I could not swear positively who was present at the time.   I am positive it was *prior* to the 22d of January, 1876, that this agreement between myself and Mr. Littell was made; I swear to that positively, and the agreement consisted of the conversation which we had as I have detailed it.   I did not say Mr. Chace was not present; I said I did not remember who was present.

My year was to commence on the 22d of January, 1876, and terminated on the 22d of January, 1877, and Mr. Littell discharged me in August of that year, to the best of my belief. I claim I was discharged about between the 12th and 15th of September, 1876."

Thus it is clear that a contract of employment for a year, to commence upon the 22d of January, 1876, and to terminate upon the 22d of January, 1877, was entered into prior to January 22, 1876. That such a contract is within the statute of frauds, and void, is distinctly held in the cases of *Wilson* v. *Martin* (1 Denio, 602), and *Amburger* v. *Marvin* (4 E. D. Smith, 393). And that such an objection may be raised upon the trial without the statute of frauds being pleaded, is also established by the last case cited.

It is further objected, upon the part of the respondents, that there is no sufficient denial of the contract as set out in the complaint. It seems that the defendants by their answer have only admitted that the plaintiff was in their employ as their book-keeper, and their copartnership, and they have denied every other allegation contained in the complaint.

The clause in the answer referring to this employment is as follows :—" It is admitted that plaintiff was in their employ as their book-keeper, but not under such agreement as contained in said complaint." The agreement contained in the complaint is alleged to have been made on or about the 20th of January, 1876, for a period of one year, commencing on the 22d of January, 1876, and ending on the 22d of January, 1877, and at the salary therein specified. This contract of employment is denied by the answer. It became, under the pleadings, incumbent upon the plaintiff to prove the contract, and he attempted to do it, and upon the termination of his case the objection was taken that the contract was entered into prior to the 22d of January, 1876, and was within the statute of frauds. It was assumed upon the trial that it was necessary upon the part of the plaintiff to prove the contract of employment. No case has been cited by the counsel for the respondents which at all qualifies the rule as laid down by the cases above mentioned.

The judgment would therefore seem to be erroneous, and must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

LARREMORE, J., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.