HENRY L. LEVISON, Respondent, *against* CHARLES L. STIX *et al.*, Appellants.

(Decided June 6th, 1881.)

An oral agreement, made on the 31st of December, for services to be rendered for a period of one year which is to terminate on the 31st of December of the following year, is void under the Statute of Frauds.

APPEAL from a judgment of the district court in the city of New York for the seventh judicial district.

The action was brought to recover damages sustained by an alleged wrongful dismissal from employment of a clerk. The evidence showed that on the 31st of December, 1879, the plaintiff was orally engaged to serve for one year, which year should terminate on the 31st of December, 1880. It was claimed upon the part of the defendants, that the agreement was void, because it was within the Statute of Frauds, and no memorandum thereof in writing was ever signed by the parties sought to be charged thereon. Judgment was rendered for the plaintiff. From the judgment the defendants appealed to this court.

*William Strauss*, for appellants.

*Morris S. Wise*, for respondent.

PER CURIAM.—In support of the position claimed upon the part of the respondent, is cited the cases of *Marvin* v. *Marvin* (75 N. Y. 242); *Kent* v. *Kent* (62 N. Y. 560); *Smith* v. *Conlin* (19 Hun, 236), and certain other cases, holding that, where an act is not to be done until a certain length of time has elapsed, the day upon which the time is set running is to be excluded in the computation of time.

The case of *Marvin* v. *Marvin* simply decides that where an act is to be done after the expiration of four days

from the filing of a decision, the day of the filing of the decision must be excluded, because four full calendar days must elapse, after the filing of the decision, before the act contemplated can be done ; and that was all that was decided in that case.

In the case of *Kent* v. *Kent*, the principle is recognized which was asserted in the case of *Boydell* v. *Drummond* (11 East, 141), that a contract which may by its terms be performed within a year is not within the Statute of Frauds, but where the agreement by its terms is not to be performed within one year, it is within the Statute of Frauds.

To the same effect is the case of *Smith* v. *Conlin*, and in that case the various decisions of this state seem to be carefully collated which established the proposition above mentioned.

It is clear that the employment in the case in question was not to commence until the 1st of January, 1881, and upon precisely such a state of facts in the case of *Cawthorne* v. *Cordrey* (13 C. B. N. S. 406), it was decided that the contract was within the statute.

In that case it was held that a contract entered into on the 24th to serve for twelve months commencing on the 25th is within the statute ; and the case of *Bracegirdle* v. *Heald* (1 Barn. & Ald. 722) is there cited, in which it was held that a contract for a year's service to commence at a subsequent day, being a contract not to be performed within a year, is within the Statute of Frauds.

In fact, it is impossible to see, if the term of service is to commence at any time subsequent to the time of making the contract, and the contract is for a full year, how it is possible that it should be performed *within* a year.

It is undoubtedly the intention of the statute to require that all contracts which are not to be performed *within* one year from the time of making, shall be in writing, and in order that they shall be completed *within* the year, it is absolutely necessary that the time of making and the year of performance must be within the *same* year ; and if the time of making is to be excluded and the time of performance is to be a full year, the

Levison *v.* Stix.

contract cannot be performed *within* the year *within* which it was made.

The judgment in this case must be reversed.

At the general term, November, 1881, a motion for a re-argument was made by the plaintiff, upon which the following opinion was rendered December 5th, 1881.

J. F. DALY, J.—The question in this appeal, argued before the last general term, was whether a hiring on December 31st for one year, to commence the next day, was within the Statute of Frauds, as being a contract which was not to be performed within one year from the making thereof. This court held the agreement to be within the statute, and cited *Cawthorne* v. *Cordrey* (13 C. B. N. S. 406). Respondent on this motion claims that the court fell into error in quoting that case as authority for the decision, and states that it was there decided that such a contract is not within the statute, and that the decision was so understood by the Supreme Court of Alabama in *Dickson* v. *Frisbee* (52 Ala. 165 ; 25 Am. Rep. 565).

The general term did not fall into error in reading the case of *Cawthorne* v. *Cordrey*. In that case the doctrine of Lord ELLENBOROUGH in *Bracegirdle* v. *Heald* (1 Barn. & Ald. 722), that "if one were to hold that a case which extended one minute beyond the time pointed out by the statute did not fall within its prohibition, I do not see where we should stop ; for in point of reason an excess of twenty years will equally not be within the act"—was not overruled, but on the contrary was impliedly sanctioned, for the court, EARLE, C. J., discharged the rule, not because a contract for a year, made on one day to commence on the next, was not within the statute, but because there was sufficient evidence in the case to show that the contract was to commence on the very day it was made. It should be premised that the head-note of the case is misleading, for it announces a decision that was not made by the court. The facts were that on March 24th the plaintiff made a contract for a year's service with defendant and received part payment in advance, giving a receipt declaring

that the service was to be from Lady Day to Lady Day (March 25th). EARLE, C. J., said : " There clearly was evidence upon which the jury were at liberty to find that there was a contract on Monday the 24th, for a year's service, and it is no objection that the receipt which the plaintiff gave for the £20 advanced, describes the contract as being from Lady Day to Lady Day." It will thus be seen that the contract was upheld because it was to commence on the day it was made and not the day after.

In *Dickson v. Frisbee*, the court cited *Cawthorne* v. *Cordrey*, as authority for the proposition contained in the headnote, but which was not decided in the case, having been evidently misled by the syllabus as given in the report ; and upon that supposed authority and from the court's own view that in construing the meaning of the statute, fractions of a day should be disregarded, and that a full year *from* the day the contract is made was intended, held that a contract for a year's service to begin the day after the contract is made is not within the statute.

I think that view contrary to the authorities, and that the decision of the general term in this case is correct.

I am in favor, however, of having the case go to the Court of Appeals that the profession may have the benefit of a controlling decision on a question frequently arising.

VAN HOESEN, J., concurred.

Motion denied *

---

* No appeal to the Court of Appeals was taken from the above decision.