## Sprague et al. v. Foster.

1. *Competency of Witnesses.*—Where a verbal agreement was entered into between two persons and subsequently one of them died and his executor violated the agreement, in an action against him, personally, for damages, the plaintiff was permitted to testify as to what the deceased

said as constituting the contract. The defendant objected that the evidence was incompetent, because, though the action was against him personally for a tort, he defended on the ground of his right as executor. *It was held* unnecessary to decide the question, as two other witnesses had testified to the same matter.

2. *Statute of Frauds.*—Where a person agreed with another to take and break a pair of mules, for which he was to have use of them for a year, when he was about to take them away it was thought they would not lead behind his buggy, so he left and came back for them the next Saturday. It was claimed that as he did not get possession of the mules for several days after the contract was made, it was not to be performed within a year, and so void under the statute of frauds, but *it was held,* that there was no evidence tending to show that by the terms of the agreement the year was to commence at a future day, but rather that it commenced presently, for the party intended and proposed to take the mules immediately, his right to do so under the agreement not being questioned.

**Memorandum.**—Action for damages. Appeal from the Circuit Court of De Witt County; the Hon. George W. Herdman, Circuit Judge, presiding. Heard in this court at the November term, A. D, 1891, and affirmed. Opinion filed October 24, 1892.

The opinion of the court states the case.

**Appellants' Brief.**

The appellee was not a competent witness in his own behalf in this case to testify to the supposed contract made by him with the testator of appellant C. P. Sprague, in relation to the mules in controversy. Sec. 2, Chap. 51, Revised Statutes; Langley v. Dodsworth, Ex'r, 81 Ill. 86; Boynton v. Phelps, 52 Ill. 219; Merrill v. Atkin, 59 Ill. 19; Trunkey et al. v. Hedstrom et al., 131 Ill. 204.

It is always competent to prove the admissions of an adverse party against himself, whether made under oath or otherwise, and the court erred in refusing to allow appellant to prove what the appellee had testified before the justice of the peace in relation to the contract under which he claimed to hold the mules. Chase v. Debolt, 7 Ill. (2 Gil.) 371; Brown v. Calumet River Ry. Co., 125 Ill. 600; Rogers et al. v. Suttle & Scroggin, 19 Ill. App. 163.

The contract under which appellee claims the right to the possession and use of the mules in controversy was not

to be performed within one year from the making thereof, and is within the statute of frauds and void. Sec. 1, Chap. 59, R. S.; Haynes v. Mason, 30 Ill. App. 85; Deyo v. Ferris, 22 Ill. App. 154; Comstock v. Ward, 22 Ill. 248; Curtis v. Safe, 35 Ill. 22; The Willam Butcher Steel Works v. Atkinson, 68 Ill. 421; Wheeler v. Frankenthal & Bro., 78 Ill. 124; McGinnes v. Fernandes, 126 Ill. 228.

The appellee was only entitled to introduce evidence as to, and recover, if at all, the damages he had sustained at the time this suit was commenced. Collins v. Montemy, 3 Brad. 182; Jones v. Dunton, 7 Brad. 580.

MOORE & WARNER, and BARCLAY & GAMBREL, attorneys for appellants.

### APPELLEE'S BRIEF.

The section of the statute relating to the competency of witnesses, where persons defend as executors, etc., cited by appellants, has no application to this case. If appellant committed a tort, the fact that he was executor, or assumed to act as such in the commission of the wrong, is not of the slightest consequence.

The statute was intended to protect the estate from the assaults of strangers, and relates to proceedings wherein the decision sought by the party so testifying would tend to reduce or impair the estate, and does not relate to cases like the one at bar, where the estate itself is in no event to be reduced or impaired. Long v. Long, 19 Ill. App. 383, and authorities there cited.

A party to a suit can not, by merely calling himself executor, or attempting to defend or justify his tortious acts as such, deprive the opposite party of his rights as a witness in the case. Roberts et al. v. Pierce, Admr., 79 Ill. 378.

The admission of an incompetent witness to testify in a case, when the other proofs justify the judgment, affords no ground for a reversal. Trogden, Admx., v. Murphy, 85 Ill.

119.   See also Winslow v. People, use, etc., 117 Ill. 152; L. E. & W. Ry. Co. v. Zaffinger, 107 Ill. 199; Hill v. Parsons, 110 Ill. 107; N. W. R. R. Co. v. Hack, 66 Ill. 238; Bonnett, v. Glattfeldt, 130 Ill. 166; Moore's Civil Justice, Sec. 1038.

Appellee had a right to recover in the suit, and the measure of his damages was at least the value of his special property in the goods.   Broadwell v. Paradice, 81 Ill. 474; Moore's Civil Justice, Sec. 1268.

WILLIAM BOOTH and R. A. LEMON, attorneys for appellee.

OPINION OF THE COURT, the Hon. George W. Pleasants, Judge.

About the 20th of August, 1890, Charles L. Sprague agreed with appellee to let him have the use of a pair of mules for a year, in consideration of his undertaking to break them.   At that time appellee proposed to take them, but Sprague thought they wouldn't lead well behind his buggy and suggested that he come back for them on the following Saturday, which was done.   Shortly afterward Sprague died, and appellant, C. P. Sprague, his son, was his executor, who, as such, advertised the sale of personal property belonging to the estate to be made on May 22, 1891.   On the morning of that day he caused the mules to be taken by his co-appellant from appellee's place, against his will and protest, to the place of sale, where they were by him sold and delivered to a Mr. Armstrong.   Three days afterward this action was brought before a justice of the peace, and, on appeal, tried by the court below without a jury.   Judgment was entered for plaintiff on the finding for $80 damages. The agreement, whatever it was, between appellee and the deceased, was verbal; appellee was allowed to state what the deceased said as constituting the agreement.   Appellants insist that this was incompetent, because, though the action is against them personally and for alleged tort, Sprague defends on the ground of his authority and right as executor, and his co-defendant as his servant.   We deem it unnecessary to decide this question, since Frances Sprague and Mary

Coons, a daughter of deceased, testified that he told them respectively, just after appellee had been there, that he was to have them for a year—which was all that appellee stated, and there was no contradiction on that point.

Again, it is said that, as it appears appellee did not get possession of the mules for several days after the agreement was made, and it was not to be performed within one year, it was therefore void under the statute of frauds. But as the court held with appellants on the law, he must have found against them upon the question of fact. There was no evidence tending to show that, by the terms of the agreement, the year was to commence at a future day, but rather that it commenced presently; for appellee intended and proposed to take them immediately, and his right to do so under the agreement was not denied.

Defendants recalled one of their own witnesses and asked if he heard the plaintiff, on the trial before the justice, state the agreement with deceased, and having received an affirmative answer, further asked him to " tell it as he told it there," to which an objection for immateriality was sustained. Counsel did not suggest that the answer would tend to show a statement at all different from the one he made on this trial, nor what it would be or show. His statement on this trial had been corroborated by two witnesses. If that made on a former trial was substantially the same—and there is no proof or presumption that it was not—its exclusion could do the defendants no harm.

Plaintiff was allowed, over objection, to introduce evidence to show how much the use of the mules from May 22d to August 30th, would be reasonably worth. It was and is insisted that he should have been confined to the value of their use until May 25th, the commencement of the suit. We think not. When the suit was commenced he had been deprived by the act of appellants of their use for the entire residue of the term.

This value was variously stated by the witnesses—being from seventy-five cents to $2.50 per day, and would have warranted the finding of a larger amount than was allowed,

without including the halters, for which plaintiff was allowed to state, over objection, that he paid $3.

On the whole, we think the conduct of the appellants was rather high-handed, and no injustice has been done by the judgment. The errors assigned, about which we might have doubts, we consider immaterial, and the defense without merit. Judgment affirmed.