### JONAP v. PREGER et al.

(Supreme Court, Appellate Term. May 15, 1908.)

1. FRAUDS, STATUTE OF—AGREEMENT NOT TO BE PERFORMED IN A YEAR.

An oral contract of employment for one year, the employment to commence on the day following the making of the contract, is within the statute of frauds.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Frauds, Statute of, §§ 79–81.]

2. SAME.

An employé, on the day his employment terminated, informed his employer that the contract expired that day and that he wished to know about the future. The employer replied that he was satisfied, and that the contract would be renewed "from to-day for another year." Held, that the contract was within the statute of frauds, for the new year did not begin on that day, as it did not rescind the old contract.

3. SAME—PLEADING STATUTE AS DEFENSE—NECESSITY.

Where the pleadings are oral, defendant may rely on the statute of frauds, though not pleaded.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by David Jonap against Abraham Preger and another. From a judgment of the Municipal Court, rendered in favor of plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

H. Lionel Kringel (Frank Walling, of counsel), for appellants.
David F. Friedmann, for respondent.

GIEGERICH, J. The action is brought to recover damages for the wrongful discharge of the plaintiff. The pleadings were oral; the allegation being simply breach of contract and wrongful discharge, and the answer being "general denial and justification of the discharge." The plaintiff testified that on the 23d day of March, 1907, he observed,

on reading his paper, that such was the date, and in the afternoon he went to the defendant Preger and said to him:

"My contract expires to-day, so I want to know about the future."

To which, as he testified, the defendant Preger replied:

"Well, Mr. Jonap, we are perfectly satisfied with you, and I will renew your contract from to-day for another year, the salary to remain the same."

At the close of the plaintiff's case the defendants' counsel moved to dismiss the complaint on the ground that the contract proved was within the statute of frauds, specifying further that, as March 24th was Sunday, the contract did not commence until March 25th. It is not necessary to determine whether the contract should be treated as beginning on March 25th or on March 24th, because in either event it by its terms was not to be performed within one year from the time it was made, and consequently came within the statute. In Billington v. Cahill, 51 Hun, 132, 4 N. Y. Supp. 660, it was held that an oral contract for the employment of a person ·for the term of one year, the employment to commence on the following day, was void. A like ruling was made in Levison v. Stix, 10 Daly, 229. See, also, Oddy v. James, 48 N. Y. 685; Amburger v. Marvin, 4 E. D. Smith, 393; Blanck v. Littell, 9 Daly, 268; Nones v. Homer, 2 Hilt. 116; Hartwell v. Young, 67 Hun, 472, 22 N. Y. Supp. 486; Booker v. Heffner, 95 App. Div. 84, 88 N. Y. Supp. 499.

An attempt is made in this case to argue that the additional year contracted for was to begin on the 23d day of March; but the evidence does not support such a claim. In order to hold that the new year began on the 23d, it would be necessary to hold that the new contract rescinded the old contract, so far as the unexpired portion of the period covered by it was concerned, and that the new .contract took effect before the termination of the old one and superseded it. There is nothing in the language testified to that would warrant such a construction. The plaintiff, according to his own testimony, said to one of the defendants that his contract expired that day, and the defendant's reply was that he would renew the contract for another year from that day.

I cannot distinguish the case from Billington v. Cahill, supra, and Levison v. Stix, supra. The underlying principle governing all these cases is that if the contract for the year's services is made before the year begins, whether a month or a day before makes no difference, a writing is necessary. In Levison v. Stix, supra, the question was whether a hiring on December 31st for one year, to terminate on December 31st of the following year, was within the statute, and the court held that it was, observing that it was clear that the employment was not to commence until the 1st of January. An employment for a period beginning on the 31st of December and ending the 31st of December of the following year would not be an employment for a year, but for a year and a day. So in the present case the then existing term of employment ended on March 23d and would not expire until the end of that day. Any additional term would not begin until March 24th, and the additional year contracted for would expire, not on March 24th, but on March 23d of the following year.

Only one point remains to be considered. The statute of frauds was not set up as a defense; but where the pleadings are oral, as they were here, it has been held that the defendant can rely upon the statute, although not pleaded. Booker v. Heffner, supra.

The judgment should be reversed, and a new trial ordered, with costs to the appellants to abide the event.

GILDERSLEEVE, P. J., concurs.

GREENBAUM, J. (concurring). Plaintiff testified that on March 23, 1907, the defendants renewed for another year their contract, which was expiring that day. It is obvious that it was not agreed that the old contract was to be deemed terminated before March 23d, but that the new agreement of employment for one year was to begin subsequent to March 23d, a circumstance that brings the case within the statute of frauds and precludes a recovery.

I concur in a reversal.