PROKOP J. PROKOP, Respondent, *v.* BEDFORD WAIST AND DRESS COMPANY, Appellant.

(Supreme Court, Appellate Term, First Department, January, 1919.)

Contracts — oral — when not void under the Statute of Frauds — services.

> An oral agreement made on a Saturday, for personal services to be rendered for a year, is not void under the Statute of Frauds even though the service was not to commence until the following Monday.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, ninth district, in favor of plaintiff, entered upon the verdict of a jury.

Nathan Friedman, for appellant.

Henry Amster, for respondent.

BIJUR, J.   The facts which the jury was warranted in finding are that the plaintiff was employed as a pattern maker by the defendant on Monday, September 10, 1917, on trial for one week. On the following Saturday, the fifteenth, the defendant said to plaintiff " You will have to give me another week's time," to which plaintiff assented. On the succeeding Saturday,

Appellate Term, First Department, January, 1919. [Vol. 105.

the twenty-second of September, before noon, the defendant said to plaintiff: " ' I want a man for the whole year. You will have the whole year a job with me; you go ahead,' and so I did." Plaintiff continued his work on the Saturday morning of the conversation last recited, and returned after twelve o'clock noon, at which time work had been suspended in the factory, and did some work. He continued in defendant's employ until he was discharged in March, 1918, and thereupon brought this action for breach of contract of employment.

Appellant's reliance on this appeal is upon an exception to the refusal of the court below to charge that " if the jury believe the plaintiff's version that an agreement was made on September 22, but that plaintiff was to commence in the performance of that work on the following Monday, that they must find for the defendant under the Statute of Frauds." Appellant cites as authority for his position *Jonap* v. *Preger,* 59 Misc. Rep. 187.

*First,* it must be pointed out that the request was inaccurate in its statement of the terms of the new contract as proved. I do not find in the record any evidence that plaintiff was not to commence work under the new contract until the following Monday; on the contrary, there is testimony by the plaintiff that he was " to commence work under that new arrangement *right the same afternoon.*" But even apart from that consideration, the mere fact that *physical* work is not begun or required to be performed under a contract of service until a particular day subsequent does not necessarily imply that the performance of the *contract* within the language of subdivision 1 of section 31 of the Personal Property Law (the Statute of Frauds) has not begun at an earlier date. The statute reads, so far as applicable: " Every agreement * * * is

void '' unless it be in writing '' if such agreement: 1. By its terms is not to be performed within one year from the making thereof.''

It was held in *McAleer* v. *Corning*, 50 N. Y. Super. 63, 65: '' If a contract of hiring is made for one year, to begin *in praesenti, no services to be done by the employee, until a future day,* the contract is operative from the day of its making, and the year ends with the ending of one year from that day. It might be a natural mistake for a layman to think that as a year of actual affirmative service could not begin until some service was done; that the contract for services was not operative until the day when something was to be done by him.'' See also *Sprague* v. *Foster,* 48 Ill. App. 140. In other words, the contract becomes operative and its performance is begun when the one contractor becomes a servant and the other an employer, *i. e.,* when the former *comes under the obligation* which that relation implies.

Assuming now that the decision in *Jonap* v. *Preger, supra,* is supported by authority in holding that an oral contract of employment for the term of one year to commence on the following day is void, the question is whether the instant case presents such a contract. In *Jonap* v. *Preger* the plaintiff employee was admittedly working for the defendant under a yearly agreement which expired on March 23, 1907. On that day, according to plaintiff's testimony, the defendant said to him '' I will renew your contract from today for another year.'' The court said, in commenting upon this testimony: '' In order to hold that the new year began on the twenty-third, it would be necessary to hold that the new contract rescinded the old. contract, so far as the unexpired portion of the period covered by it was concerned, and that the new contract took effect before the termination of

Appellate Term, First Department, January, 1919.    [Vol. 105.

the old one and superseded it. There is nothing in the language testified to that would warrant such a construction.'' But I do not see why it is necessary to hold that the preceding contract would be '' rescinded so far as the unexpired portion of the period covered by it was concerned.'' All that would be implied through holding the new contract to be operative forthwith would be that the employer had disregarded the fact that he was paying the employee doubly for a negligible fraction of the old term.

If the *Jonap* case correctly interpreted the statute to the effect that an agreement '' to be performed within one year from the making thereof '' means an agreement the term of which begins *at the very instant of the making of the contract,* then it seems to me that by the same token like import should be accorded to the words of the contracting parties when they employ substantially the language of the statute. If the strict interpretation is appropriate to the language of the statute, the same standard should be applied to the language of the contractor. Therefore, where a party agrees to enter the employ of another for one year the year should be held to begin *eo instanti.* See *Russell* v. *Slade,* 12 Conn. 455. But in my opinion that is not the correct construction of the statute. A year, like a day, a week and a month, is a common division of time of universal application. A contract for a year means a contract for 365 days. Now it would be, to say the least, unusual for parties during the course of a business day to contract for a year intending to include within the term of the contract the whole of the day upon which the contract is made. That would imply that they were making a contract for a year, part of which had already elapsed. It would also be equally unlikely, except under peculiar circumstances, that a contract should, during the course of a business

day, be entered into with the expectation that its term begin at the moment it is made. As a practical matter, such a course would ordinarily, for a number of obvious reasons, be so inconvenient as to render it exceptional. The natural and usual assumption, I think, in the absence of a particular provision to the contrary, would be that the parties intended performance to begin on the next day.

This rational view of the significance of the statute accords also with the established canon of statutory construction that fractions of a day will not be considered except where that course is necessary to prevent injustice, as, for example, in ascertaining the priorities of creditors. One of the purposes of the rule is to accord to the parties entitled thereto the whole of the period specified, and since by the very premise they do not enjoy the whole of the first day, that day is excluded from the computation. Cowles, J., in *Phelan* v. *Douglass,* 11 How. Pr. 193, 195, 196; *Judd* v. *Fulton,* 4 id. 298; *Haden* v. *Buddensick,* 49 id. 241, 246,— all cited in *Marvin* v. *Marvin,* 75 N. Y. 240, 243. See, also, *People* v. *New York C. R. R. Co.,* 28 Barb. 284, 286; *People ex rel. Collier* v. *Sheriff of Broome County,* 19 Wend. 87.

It seems fair to assume that the framers of the Statute of Frauds had these practical considerations in mind, otherwise the provision of section 4, which we are considering, would have been tantamount to the inhibition of most oral contracts for a year,— a result that was manifestly not intended.

I am of the opinion, therefore, that an oral contract for a year to commence on the day following its making is not within the inhibition of the statute. I say this with all deference to the learned judges who have written in the three cases in this State which hold the contrary, and because I am convinced that their opinions

37

were based upon a misapprehension of the authorities which they have cited, and upon an unexplained failure to consider the rule just discussed, which formed the basis of the decisions in *Dickson* v. *Frisbee*, (1875) 52 Ala. 165, and *Smith* v. *Gold Coast & Ashanti Explorers, Ltd.*, (1903) 1 K. B. 195.

The first case in the books in which this precise point is even mentioned was *Cawthorne* v. *Cordrey*, decided in England in 1863, and reported in 13 C. B. [N. S.] 406. Although the headnote in that case reads: "A contract of hiring made on the 24th of March for a year's service to commence on the 25th is not void by the Fourth Section of the Statute of Frauds for want of a memorandum," that statement is manifestly erroneous, for the case actually decided that: " There clearly was evidence upon which the jury were at liberty to find that there was a contract on Monday, the 24th, for a year's service; and it is no objection that the receipt which the plaintiff gave for the 20 Lbs. advanced described the contract as being for services from Lady Day (Sunday) to Lady Day." In other words, the actual decision was that the evidence warranted a finding by the jury that the contract was made on Monday, the twenty-fourth, for a year's service, and not on the preceding Sunday for a year's service, to begin the following Monday. In the course of the argument, however, there were a number of colloquies between judges and counsel, as is so common in English courts. Willes, J., said: " If a builder undertakes to build a house within a year, that means a year from the next day." Byles, J., remarked: " If you adopt the reasonable rule *which excludes fractions of a day,* taking the receipt to define the duration of the contract, there would be only three hundred and sixty-five days." These two statements were indeed mere dicta, but they express the view ultimately adopted by the

Supreme Court of Alabama and the courts of England.   There are no decisions in point in any state of the Union outside of New York.

As I interpret the remark of Willes, J., it was intended to indicate (what I have discussed above) that the framers of the statute when they prescribed that a contract to be performed within one year from the making thereof need not be in writing, had in mind the practical fact that a contract for a year's service, and other agreements covering a year, are usually made in the course of the day preceding the beginning of performance.   The comment of Byles, J., plainly suggests that this accords with the accepted rule of construction which excludes fractions of a day.

The next time that this precise question arose was in *Dickson* v. *Frisbee,* (1876) 52 Ala. 165.   Although the court there was evidently misled by the headnote in the *Cawthorne* case to the extent of citing it as authority for the proposition that " a contract made on one day for a year's service to commence on the next, was not within the statute of frauds,"— the reference to the *Cawthorne* case followed a discussion of the law concluding that: " This construction is in accordance with the ordinary rule for the computation of time *which excludes fractions of a day.*"   It will thus be seen that the court placed its decision upon the very point indicated by Byles, J., in his dictum in the *Cawthorne* case.   The *Dickson* case was followed in *Smith* v. *Pritchett,* 98 Ala. 649.

The question was presented for the first time in this State in *Levison* v. *Stix,* (1881) 10 Daly 229, where: " The evidence showed that on the 31st day of December, 1879, the plaintiff was orally engaged to serve one year, which year should terminate on the 31st of December, 1880."   Upon the first hearing, the General Term of the Court of Common Pleas handed down a

*Per Curiam* decision in the course of which it said: " It is clear that the employment in the case in question was not to commence until the first of January, 1881, and upon precisely just such a state of facts in the case of *Cawthorne* v. *Cordrey,* 13 C. B., N. S., 406, it was decided that the contract was within the statute."

*Cawthorne* v. *Cordrey,* however, decided nothing of the kind, and the (incorrect) headnote says precisely the contrary. Subsequently a reargument was granted. Judge J. F. Daly, writing for the court, asserted that: " The general term did not fall into error in reading the case of *Cawthorne* v. *Cordrey,*" but no explanation was attempted of the sentence which I have quoted from the first opinion. He then goes on to urge that the *Cawthorne* case approved the doctrine of Lord Ellenborough in *Bracegirdle* v. *Heald,* 1 Barn. & Ald. 722, to the effect: " If one were to hold that a case which extended one minute beyond the time pointed out by the statute did not fall within its prohibition, I do not see where we should stop; for in point of reason an excess of twenty years will equally not be within the act." But as *Bracegirdle* v. *Heald* was the case of a contract made on May twenty-seventh to commence June thirtieth, there was no relation between the *Bracegirdle* and *Cawthorne* cases. Moreover, Lord Ellenborough's words, like all general phrases in an opinion, must be read in the light of the facts of the case to which they apply. See *Colonial City Traction Co.* v. *Kingston R. R. Co.,* 154 N. Y. 493, 495, and Marshall, Ch. J., in *Cohens* v. *Virginia,* 6 Wheat. 264, 399. In that light they are a mere reassertion in emphatic terms of the doctrine that however great the apparent hardship, the Statute of Frauds must be applied as it was enacted. Lord Ellenborough did not, and could not, in view of the

facts of the *Bracegirdle* case, have had in mind the situation presented either in the *Cawthorne* or *Levison* cases. The opinion in the *Levison* case then proceeds to consider *Dickson* v. *Frisbee,* 52 Ala., *supra,* and disposes of it by saying in substance that it was based on *Cawthorne* v. *Cordrey,* and that the Supreme Court of Alabama was evidently misled by the syllabus in that case as given in the report, and continues: " and upon that supposed authority *and from the court's own view that in construing the meaning of the statute, fractions of a day should be disregarded* and that a full year *from* the day the contract is made was intended, held that a contract for a year's service to begin the day after the contract is made is not within the statute.

" I think that view contrary to the authorities, and that the decision of the general term in this case is correct.

" I am in favor, however, of having the case go to the Court of Appeals that the profession may have the benefit of a controlling decision on a question frequently arising."

A foot-note in the report indicates, however, that no appeal was taken. It is unfortunate that the *Levison* case should have been decided under the peculiar circumstances disclosed. It is clear that on the first argument the *Cawthorne* case was misinterpreted. But, however that may be, it is quite apparent that the court on reargument, although correctly interpreting both the *Cawthorne* and *Dickson* cases, failed to give any consideration to the dictum in the *Cawthorne* case and to the like controlling reason stated in the opinion in the *Dickson* case. Finally, although the opinion expresses the view that the *Dickson* case is " contrary to the authorities," no such authorities were cited. Thus upon the first presentation of the question in this state a precedent was established based upon a misappre-

Appellate Term, First Department, January, 1919.    [Vol. 105.

hension and in direct conflict with the earlier decision of the Supreme Court of Alabama.

When the question next came up in *Billington* v. *Cahill,* (1889) 51 Hun, 132, *Levison* v. *Stix* was followed, and the following additional cases were cited: *Snelling* v. *Lord Huntingfield,* (1834) 1 C. M. & R. 20, where the contract was made on July twentieth, performance to begin on the twenty-fourth; *Bracegirdle* v. *Heald, supra,* to which I have alluded; *Boydell* v. *Drummond,* 11 East, 142, in which was considered an oral subscription for a set of pictures illustrating Shakespeare's works, the publication of which, as appeared from the subscription papers themselves, *was to cover many years.* Manifestly, then, the only significance of the *Billington* case is that by its approval it added to the weight of authority of the *Levison* case.

Finally, we have *Jonap* v. *Preger* (first above alluded to), 59 Misc. Rep. 187 (1908), where the court again followed the *Levison* and *Billington* cases as the sole authority upon the subject, although citing with the preface " See also," the following cases: *Oddy* v. *James,* 48 N. Y. 685, where a contract was made on March fifteenth, performance to begin on April first and then to continue for one year; *Amburger* v. *Marvin,* (1885) 4 E. D. Smith, 393, where the contract was made on July eighteenth to begin August first; *Blanck* v. *Littell,* (1880) 9 Daly, 268, where a contract was made " *sometime prior* to January twenty-second to begin January twenty-second and terminate on the succeeding January twenty-second;" *Nones* v. *Homer,* (1858) 2 Hilt. 116, where the contract was made one week prior to August first to continue from August first to August first of the following year; *Hartwell* v. *Young,* (1893) 67 Hun, 472, where it was found that the contract was made " *two or three days before* December 20th, 1890, * * * to work for the defend-

ant for one year ,from December 20th, 1890;" and
*Booker* v. *Heffner,* (1904) 95 App. Div. 84, where the
plaintiff testified on cross-examination that while in
defendant's employ for a term ending in June she
made the oral agreement in the preceding February
to renew the existing contract for one year. None of
these cases sheds any light upon the particular ques-
tion presented for our determination.

Meanwhile the point had arisen for decision in Eng-
land in' *Dollar* v. *Parkington,* (1901) K. B. Div.,
reported in 84 L. T. 470, in which Darling, J., decided
that an oral contract for the hiring of horses for a year
to commence on the day following is within the stat-
ute, on the authority of Lord Ellenborough's general
comment in *Bracegirdle* v. *Heald.* He declined to fol-
low the dicta in *Cawthorne* v. *Cordrey* and refers to
the opinion of Brett, J., in *Britain* v. *Rossiter,* (1879)
L. R. 11 Q. B. Div. 123, to the effect that those dicta
have never been converted into a decision. He also
remarks upon the curious fact that the precise question
had never been decided by the courts of England,
although the Statute of Frauds had been the subject of
more litigation than any other statute of the realm.

The English bar, however, did not have to wait long
for an authoritative expression on this question by an
appellate court. In *Smith* v. *Gold Coast & Ashanti
Explorers, Ltd.,* (1903) 1 K. B. 285, Lord Alverstone,
C. J., with the concurrence of Wells and Channell, JJ.,
expressly approved the dicta in the *Cawthorne* case,
and the favorable comment thereon by Brett, J., in the
*Britain* case, and added that the question there sug-
gested had now arisen for decision. The court then
held: " that a contract for a year's service to com-
mence on the day next after the day on which the con-
tract was made is not an agreement which is not to be
performed within the space of one year from the mak-

ing thereof within the meaning of the Statute of Frauds, s4." It is significant that this decision is founded expressly on the rule that the law does not regard fractions of a day — which formed the basis, as I have shown, of the similar decision in *Dickson* v. *Frisbee,* 52 Ala. *supra.*

Evidently the attention of the Appellate Term in *Jonap* v. *Preger* was not called to the decision in the *Smith* case. My conclusion, therefore, is that the oral contract in the instant case — whether interpreted as one to begin on the same day or the day after it was made — is not rendered invalid by the Statute of Frauds.

Judgment affirmed, with twenty-five dollars costs and with leave to appeal to the Appellate Division.

Guy and Mullan, JJ., concur.

Judgment affirmed, with twenty-five dollars costs.