In re COHEN et al.

District Court, S. D. New York.
April 20, 1936.

Irving D. Lipkowitz, of New York City (William H. Lipkowitz, of New York City, of counsel), for claimant.

McManus, Ernst & Ernst, of New York City (Lester D. Melzer, of New York City, of counsel), for debtors.

PATTERSON, District Judge.

The debtors filed a petition for composition under section 74 of the Bankruptcy Act, as amended (11 U.S.C.A. § 202). Their offer to pay creditors 35 per cent. in cash was confirmed in due course. Among the claims filed against them was a claim of one Studin for $2,200 for breach of contract of employment. The debtors objected to allowance of the Studin claim. Hearings were held and testimony taken by a referee in bankruptcy. At the conclusion of the hearings the referee allowed the claim at $1,500 and interest. The point pressed by the debtors on petition for review is that the contract on which the claim rested was void under the statute of frauds.

The debtors conducted a retail business. The claimant testified that an oral agreement was made between him and the debtors on July 20, 1933, whereby he was hired to work for them for one year at $40 a week, that he commenced work the next day, that in September of the same year he was discharged without cause. On cross-examination he said that the arrangement made on July 20th was that he should start work on July 24th, to continue for a full year from the 24th. On redirect the claimant said that he commenced work on the 21st. The testimony of the debtors was to the effect that the employment was one at will. The referee resolved the issue of fact in the claimant's favor, found that there was an agreement to employ him for the term of one year, and allowed the claim at $1,500. The debtors moved to dismiss on the ground that the New York statute of frauds rendered the agreement unenforceable; but their motion was denied.

■ The referee's finding on the facts may not be disturbed. The issue whether the employment was one for a year or was one at will turned on veracity. The referee saw and heard the witnesses and decided that the claimant's version was the truth. But the question remains whether the oral agreement testified to by the claimant was not void as one "by its terms is not to be performed within one year from the making thereof." New York Personal Property Law, § 31.

■ There is a division of opinion on the point whether an oral agreement to perform services for a year is enforceable where the work is to begin the day following the agreement. Williston on Contracts, § 502. One view is that fractions of a day are disregarded and that the agreement is valid as one to expire exactly one year from the time of the agreement. Smith v. Gold Coast Explorers, Ltd., [1902] 1 K.B. 285; Dickson v. Frisbee, 32 Ala. 165, 23 Am. Rep. 565; Prokop v. Bedford Waist & Dress Co., 105 Misc. 573, 173 N.Y.S. 792, affirmed 187 App.Div. 662, 176 N.Y.S. 376; Dykema v. Story & Clark Piano Co., 220 Mich. 600, 190 N.W. 638, 27 A.L.R. 660. This is the view adopted by the American Law Institute. Restatement of Law of Contracts, § 198, comment (d). The other view is that under such an agreement the performance will exceed one year from the making of the agreement. Billington v. Cahill, 51 Hun, 132, 4 N.Y.S. 660; Jonap v. Preger, 59 Misc. 187, 188, 110 N.Y.S. 483; Brosius v. Evans, 90 Minn. 521, 97 N.W. 373. The former view is sound on principle and has the weight of authority with it. If the agreement made on July 20th had been that the claimant should work for a year beginning the next day, it would have been a valid and enforceable agreement though never reduced to writing.

But by the claimant's own testimony, repeated several times on cross-examination, the agreement made on July 20th was that the year's work was to commence on the 24th. On redirect the claimant did not retract that testimony or claim that the contract was other than as he had stated on cross-examination. All that he said was that he had done some work for the debtors on the 21st and 22d, presumably under an independent arrangement. The referee made no finding that under the contract as made work was to commence on the 21st; it is difficult to see how such a finding could have been made in face of the claimant's explicit testimony. On the evidence then, the agreement entered into on the 20th was for a year's work from the 24th. A contract for one year's work, to commence not the next day but at a more distant date, is one not to be performed within one year from the making, and is unenforceable unless evidenced by writing.

692

Oddy v. James, 48 N.Y. 685; O'Donnell v. Daily News Co., 119 Minn. 378, 138 N.W. 677; Chase v. Hinkley, 126 Wis. 75, 105 N.W. 230, 2 L.R.A.(N.S.) 738, 110 Am.St. Rep. 896, 5 Ann.Cas. 328.

The contract on which the claim was based was unenforceable. The referee's order will be reversed, and the motion to disallow the claim granted.